FERDINAND BUTCHER v. GEORGE C. SMITH.

1. A justice of the peace has jurisdiction in an action to recover a balance claimed to be due on a promissory note, where such balance does not exceed the sum of three hundred dollars.

.2. Where, in such action, the sum claimed by the plaintiff is within the jurisdiction of the justice, and the amount due exceeds it, the excess will be deemed to have been remitted under section 108 of the justices code.

MOTION for leave to file a petition in error to reverse the judgment of the District Court of Franklin county.

The original action was brought before a justice of the peace by the defendant in error against the plaintiff, on a promissory note. The following is a transcript of so much of the docket entries in the case, as show the cause of action stated, which entry immediately follows the title of the cause :

" January 13, 1877. Suit brought by the plaintiff, George C. Smith, to recover from the defendant, Ferdinand Butcher, the sum of three hundred dollars, a balance due on a promissory note filed by plaintiff, of which a copy is as follows :

"COLUMBUS, OHIO, July 15, 1876.

"Ninety days after date, I promise to pay to the order of George C. Smith four hundred dollars, with interest from date, at Columbus, Ohio, for value received.

"$400.                                                     F. BUTCHER."

Indorsed thereon: "Paid, October 18, 1876, one hundred dollars."

A summons was issued and served on the defendant below, notifying him that he had been sued by Smith, the plaintiff, and that he, Smith, claimed in said action "the sum of three hundred dollars, on a promissory note on file." The defendant appeared, and after the plaintiff had given his testimony and rested his case, moved the court to dismiss the action, for the reason, as stated in the motion, that said justice had no jurisdiction to try said cause, "because the amount claimed in the plaintiff's cause of action is more than three hundred dollars."

The plaintiff asking a judgment for only three hundred dollars, the justice overruled the motion to dismiss, and gave judgment for that sum and costs. The defendant excepted to the ruling and judgment. A bill of exceptions was signed and sealed by the justice, showing the foregoing facts, and others not material to be noticed. On error, the court of common pleas reversed the judgment of the justice, on the ground that the justice had no jurisdiction of the subject of the action.

On petition in error, the district court reversed the judgment of the court of common pleas, and affirmed the judgment of the justice. It is now sought to file a petition in error to reverse the judgment of the district court.

*J. A. Miles* and *E. P. Evans*, for the motion.
*A. H. Fritchey* and *Charles E. Burr*, contra.

BOYNTON, J. The action before the justice of the peace was brought to recover a balance claimed to be due on a promissory note. The amount claimed was three hundred dollars. The amount appearing from the note to be due

was three hundred and ten dollars and fifty-three cents. It is contended by the plaintiff, that the justice had no jurisdiction of the subject of the action; because, first, the fifth section of the justices code (1 S. & C. 770) limits the jurisdiction of the justice, in an action brought to recover a balance claimed to be due on any open or unsettled account, or on any bill, note, or bond, to cases where the balance claimed is less than three hundred dollars. And secondly, if this position is not well taken, it appearing from the note sued on, that over three hundred dollars were due thereon, it is insisted that no jurisdiction was or could be acquired by the justice.

The correctness of these positions depends upon the construction to be given to certain provisions of the statute. The fourth section of the act regulating the jurisdiction and procedure before justices of the peace, *supra*, originally declared that, "under the restrictions and limitations herein provided, justices of the peace shall have cognizance of any sum not exceeding one hundred dollars." This was also the language of the act of 1831 (Swan's Stat. 506). By this section, as amended May, 1854, now in force, the jurisdiction was enlarged by extending to the justice, under the same restrictions and limitations, jurisdiction concurrent with that of the court of common pleas, in sums over one hundred dollars, and not exceeding three hundred. The fifth section of the act of 1853 was amended at the same time, and by the same act, giving a like extension of concurrent jurisdiction in actions to recover a balance due on any open or unsettled account, or on any bill, note, or bond, where the balance claimed is over one hundred dollars, and does not exceed three hundred. The seventh section was also amended by conferring on the justice power to render judgment, on the confession of the debtor, in any sum not exceeding three hundred dollars.

Now, while the fifth section declares that where the balance claimed to be due on any open or unsettled account, bill, note, or bond, shall be *less* than three hundred dollars, the action may be brought before a justice of the peace,

Butcher *v.* Smith.

we think it clear, from all the provisions of the statute bearing on the question, that the legislature intended to confer jurisdiction to recover such balance, where the amount claimed *equals,* but does not exceed that sum. The same section authorizes the justice to render a judgment in such case for any balance not exceeding three hundred dollars, and if the construction contended for by the plaintiff is accepted or adopted, it involves the necessity of holding that it was intended to confer upon the justice power to render a judgment for a sum greater than the plaintiff had the right to claim.

The provisions of the fifth section were not intended to limit or restrict the jurisdiction created by the fourth, but, as was said in *McKibben* v. *Lester,* 9 Ohio St. 628, they were intended to enlarge the class of cases in which the enlarged jurisdiction is conferred by the fourth section, by extending it to an action upon contracts for a still larger amount, where the balance claimed to be due does not exceed the sum of three hundred dollars. *Job* v. *Harlan,* 13 Ohio St. 488.

The second ground assumed by counsel, that it appearing from the note sued on, that a sum exceeding three hundred dollars was due thereon, the justice had no jurisdiction of the cause, and that he acquired none from the circumstance that the plaintiff only claimed a judgment for that amount, is disposed of by the statute. The first clause of section 108 of the justices act is in the following language: " When the amount due to either party exceeds the sum for which the justice is authorized to enter judgment, such party may remit the excess, and judgment may be entered for the residue." Under this provision the justice was fully authorized to render a judgment for three hundred dollars upon the plaintiffs remitting the excess above that sum. And the plaintiff having limited his demand for judgment to that amount, he was properly held to have remitted all above it.

*Leave refused.*