(66 App. Div. 443.)

## HEFFRON v. JENNINGS.

(Supreme Court, Appellate Division, Fourth Department. November 26, 1901.)

COUNTY COURTS—JURISDICTION—AMOUNT DEMANDED—AMENDMENT.

Const. art. 6, § 14, and Code Civ. Proc. § 340, subd. 3, extend the jurisdiction of the county courts to actions in which the complaint demands judgment for a sum not exceeding $2,000. Plaintiff instituted an action in the county court in which the summons and the complaint were served at the same time, and, though the summons did not specify the amount demanded, it stated that, in case of default, judgment would be taken for the amount demanded in the complaint, which was $5,000. *Held*,

that the court had no jurisdiction, and could not acquire it by an order permitting plaintiff to amend the complaint.

Appeal from Wayne county court.

Action by Mab Heffron, an infant, against Henry Jennings, sometimes known as Harry Jennings. From an order dismissing the complaint, and from an order refusing plaintiff's motion to amend the complaint, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

E. W. Hamm, for appellant.

Charles T. Ennis, for respondent.

ADAMS, P. J. The constitution of this state confers upon county courts "original jurisdiction in actions for the recovery of money only, where the defendants reside in the county, and in which the complaint demands judgment for a sum not exceeding two thousand dollars," and it authorizes the legislature to enlarge or restrict such jurisdiction, provided it shall not be so extended as to authorize an action in the county court "for the recovery of money only, in which the sum demanded exceeds two thousand dollars, or in which any person not a resident of the county is a defendant." Const. art. 6, § 14. In pursuance of this constitutional provision, the legislature of the state has enacted that the jurisdiction of county courts shall extend, among other things, to actions "wherein the complaint demands judgment for a sum of money only not exceeding two thousand dollars." Code Civ. Proc. § 340, subd. 3. In the present action, which was brought in the county court to recover damages for slanderous words alleged to have been uttered by the defendant, it was alleged in the complaint that the plaintiff had suffered damage to the extent of $5,000, and judgment was demanded for that sum. When the cause was moved for trial, the defendant's counsel asked that the same be dismissed upon the ground that the court in which it was brought had no jurisdiction of the subject-matter. The plaintiff's counsel thereupon asked leave to amend his complaint by reducing the amount of damages alleged and demanded from $5,000 to $2,000. This motion was denied, and the motion to dismiss was granted, and the sole question presented for our consideration is whether or not, in the circumstances above related, the court had power to grant the amendment asked for, it being conceded that its refusal was based exclusively upon a supposed lack of such power.

The county court is confessedly a court of limited jurisdiction, and such limitation has been clearly and expressly defined, so far as the recovery in a money action is concerned, by both the constitution and the lawmaking power of the state. Moreover, each of these authorities has declared that in such an action it must appear upon the face of the complaint therein that the judgment demanded shall not exceed a certain specified sum; and in view of this limitation it follows necessarily that a county court has no authority to entertain a case which is not within the limitation thus fixed. It is insisted, however, that, inasmuch as the process by which an action is commenced is a summons, which in this instance did not demand judg-

ment for any particular sum, the court acquired jurisdiction of the action whenever the summons was served, and incidentally the power to amend the complaint, as well as any other pleading thereafter served. This view was advanced by the general term in the case of McDonald v. Truesdail, 17 Hun, 65, and it was thereafter apparently adopted by the court of appeals in Van Clief v. Van Vechten, 130, N. Y. 571–582, 29 N. E. 1017; but in each of these cases it was based upon the fact that the summons was one for relief only, that it was served in advance of the complaint, and that, upon its face, it contained nothing showing a lack of jurisdiction. The same general term, however, which decided the McDonald Case, held in another action, where the summons was attached to the complaint, and each demanded judgment for a sum exceeding that of which the court had jurisdiction, that the court had no jurisdiction over the action, and could not acquire it by a...endment. McIntyre v. Carriere, 17 Hun, 64. We think the present action falls within the rule established by the case last cited, which has likewise been favorably considered by the court of appeals. Van Clief v. Van Vechten, supra. Here, as there, the summons and complaint were served at the same time, and, although the former did not specify any sum for which judgment would be taken in case of default, it did state that judgment would be taken against the defendant for the relief demanded in the complaint, which, as we have already seen, was the sum of $5,000. Clearly, therefore, the action is one in which ...e complaint demands judgment for a sum exceeding $2,000, and consequently it is one of which, within the express provision of both the constitution and statute, the court acquired no jurisdiction for any purpose whatever. We conclude, therefore, that the judgment appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.