PIERSON v. HUGHES et al.

(Supreme Court, Appellate Term. June 23, 1904.)

1. MUNICIPAL COURT—JURISDICTION—AMOUNT IN CONTROVERSY—INTEREST.
   Under the Municipal Court act (Laws 1902, c. 580, § 1, subd. 1), conferring jurisdiction on the Municipal Court of an action to recover damages on or for a breach of contract, express or implied, where the sum claimed does not exceed $500, the court has no jurisdiction of an action in which the summons and complaint demand judgment for $500 and interest.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by J. Fred Pierson against James Hughes and others. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Robinson, Biddle & Ward, for appellants.
Edward Swann, for respondent.

SCOTT, J. The defendants' objection to the jurisdiction of the court should have been sustained. The summons and complaint demanded judgment for $500 and interest; that is to say, for a sum greater than $500. Subdivision 1 of section 1 of chapter 580, p. 1487, Laws 1902 (Municipal Court Act), confers jurisdiction upon the Municipal

Court of "an action to recover damages upon or for a breach of a contract, express or implied, other than a promise to marry, where the sum claimed does not exceed five hundred dollars." The sum claimed is obviously the sum for which judgment is demanded. The County Courts are given jurisdiction of actions wherein "the complaint demands judgment for a sum not exceeding two thousand dollars." It was held by the Appellate Division in the Fourth Department that the County Court had no jurisdiction to entertain an action in which the sum claimed exceeded the constitutional limitation, and that jurisdiction could not be conferred by an amendment of the summons and complaint. Heffron v. Jenning, 66 App. Div. 443, 73 N. Y. Supp. 410. The reasoning of that case applies to this. It follows that, since the amount claimed exceeded $500, the Municipal Court never acquired jurisdiction to entertain the action, and consequently had no authority to amend the complaint or to take any action in the cause.

The judgment must be reversed and the complaint dismissed, with costs to the appellants. All concur.