SMITH v. DUNN.

(Supreme Court, Appellate Term. February 28, 1905.)

1. MUNICIPAL COURT—JURISDICTION—AMOUNT IN CONTROVERSY.
    Where in a suit in the Municipal Court, commenced September 8, 1904, the summons demanded judgment for $500 and interest from July 25, 1904, and costs, and accompanying the summons was a verified complaint in which the demand for judgment was in the same words as the summons, the action was not within the jurisdiction of the court under Municipal Court Act, § 1, subd. 1 (Laws 1902, p. 1487, c. 580), limiting such jurisdiction in actions to recover money only to cases where "the sum claimed does not exceed $500."
    [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 419.]

2. SAME—REMISSION OF EXCESS.
    Municipal Court Act, Laws 1902, p. 1562, § 250, permitting a party to remit the excess if "the sum found due exceeds the sum for which the court is authorized to enter judgment," does not apply to a case where the amount demanded in the summons and complaint was beyond the court's jurisdiction in the first instance.
    [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 428.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Clement H. Smith against Isaac L. Dunn. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Strasbourger, Weil, Eschwege & Schallek, for appellant.
Langbein & Langbein, for respondent.

McCALL, J. The summons in this action was issued upon the 8th day of September, 1904, and demanded judgment against the defendant for "the sum of five hundred dollars and interest from the 25th day of July, 1904, together with the costs of this action." Accompanying the summons, and served at the same time, was a verified complaint, in which the demand for judgment was in the same words as contained in the summons. A motion was made by the defendant to dismiss the complaint upon the ground that the court had no jurisdiction. The plaintiff thereupon offered to waive the interest, and judgment was subsequently rendered for the plaintiff for the sum of $500 and costs.

We think the motion to dismiss the complaint should have been granted. Section 1, subd. 1, of the Municipal Court Act, gives the Municipal Court jurisdiction in this class of cases only where "the sum claimed does not exceed $500." Laws 1902, p. 1487, c. 580. An action is commenced by the service of a summons, and it is such summons, and the service thereof, that gives the court jurisdiction. It was held in Heffron v. Jennings, 66 App. Div. 443, 73 N. Y. Supp. 410, that, although the summons "did not specify any sum for which judgment would be taken, * * * it did state that judgment would be taken for the relief demanded in the complaint; and that the complaint, which was served at the same time as the summons, demanded a sum exceeding the jurisdiction of the court, * * * the court acquired no jurisdiction for any purpose whatever." This was followed by this court in Pierson v. Hughes, 88 N. Y. Supp. 1059. In the case at bar both the summons and complaint claimed $500 and interest. Interest is a direct part of the claim upon which the plaintiff sued, and "the sum claimed" exceeded the jurisdiction of the court. It is true section 250 of the Municipal Court Act (page 1562) permits a party to remit the excess if "the sum found due exceeds the sum for which the court is authorized to enter judgment," but that section applies only to cases where the court has acquired jurisdiction in the first instance, and is not, therefore, to be divested of such jurisdiction by a finding that there is an amount due a party greater than the court can enter judgment for, where such party is willing to remit the excess. The judgment must be reversed.

Judgment reversed, with costs, and complaint dismissed. All concur.