ELMIRA REALTY COMPANY, Respondent, *v.* JUDSON A. GIBSON and Others, Appellants.

*Relationship of a county judge to a party — right of the Appellate Division to reverse his judgment when such fact does not appear on the record — the better practice is to move in the County Court.*

It is questionable whether, upon an appeal from a judgment of the County Court, the Appellate Division has authority to reverse such judgment because the county judge was related within the sixth degree to one of the defendants in the action, where this fact does not appear upon the record, but only from the certificate of the county judge.

In any event, the judgment being void, the better practice is to dismiss the appeal and remit the parties to their remedy by a motion in the County Court to set aside the judgment.

APPEAL by the defendants, Judson A. Gibson and others, from a judgment of the County Court of Chemung county in favor of the plaintiff, entered in the office of the clerk of the county of Chemung, affirming a judgment of the City Court of Elmira.

*J. A. Gibson, Frederick H. Farr* and *J. John Hassett,* for the appellants.

*Swartwood & Personious,* for the respondent.

PER CURIAM:

Upon this appeal the certificate of the county judge is presented to the effect that he is related within the sixth degree to one of the defendants herein. This relationship renders absolutely void the judgment appealed from. (See Code Civ. Proc. § 46.) The appellants ask for a reversal of the judgment upon this ground; the respondent for a dismissal of the appeal.

It has been held in cases where the court from which the appeal has been taken has no jurisdiction of the subject-matter of the action that the appellate court has jurisdiction to reverse the judgment. (*McMahon* v. *Rauhr,* 47 N. Y. 67.) It would seem, however, that in such a case either party might make application to the court in which the judgment was rendered for a vacation of that judgment as void. (*Kamp* v. *Kamp,* 59 N. Y. 212.)

Where the judgment is void by reason of the relationship of the court to one of the parties to the action the judgment may, upon motion, be set aside by the court in which the judgment is granted.

(*Oakley* v. *Aspinwall*, 3 N. Y. 547; *Matthews* v. *Noble*, 25 Misc. Rep. 674.)

We are referred to no case where a judgment has been reversed for lack of jurisdiction where such lack of jurisdiction does not appear upon the record upon the appeal. Whether or not the court would have power to reverse upon the appearance, apart from the record, of a fact rendering the judgment void for want of jurisdiction, we think the better practice is to dismiss this appeal, remitting the parties to a motion in the court below to rid themselves, if need be, of the void judgment in that court.

As it appears that all parties were ignorant of the actual disqualification at the time of the rendition of the judgment the appeal should be dismissed, without costs.

All concurred.

Appeal dismissed, without costs.