BARNETT HAMBURGER and ISAAC KLEINFELD, Copartners, Doing Business as HAMBURGER & KLEINFELD, Appellants, *v.* MYER HELLMAN, Respondent.

*Damages for the breach of a contract to remove a building within a specified time — jurisdiction of the Municipal Court of New York where $500 and interest and costs are demanded — bill of particulars for $507.33.*

An action brought in the Municipal Court of the city of New York, to recover damages resulting from the breach by the defendant of a contract to remove a building within a specified time, was begun by the service of the summons alone, which summons stated that in the event of the defendant's default the plaintiffs would "take judgment against you for the sum of $500 00/100, * * * with interest from the ——— day of ———, 190-, together with the costs of this action."

The plaintiffs subsequently served a bill of particulars in which they alleged that the damages resulting from the breach of contract amounted to $507.33. The action was tried and resulted in a judgment for the plaintiffs of $294.87, which included damages and costs.

FIRST DEPARTMENT, APRIL, 1905.                    [Vol. 103.

*Held,* that it was improper to reverse the judgment and dismiss the complaint on the ground that the demand of the plaintiffs was for a greater sum than $500 and that consequently the Municipal Court had no jurisdiction of the action;

That the demand for costs in excess of the $500 did not oust the court of jurisdiction, as such costs were not a part of the plaintiffs' demand but a mere incident to the recovery;

That the demand for interest did not oust the court of jurisdiction, for the reason that the plaintiffs were not entitled to recover interest as such, their damages being unliquidated;

That the statement in the bill of particulars that the damages amounted to $507.33 did not deprive the court of jurisdiction, as the plaintiffs were at liberty, under section 250 of the Municipal Court Act, to remit the excess over $500.

O'BRIEN, J., dissented.

APPEAL by the plaintiffs, Barnett Hamburger and another, copartners, doing business as Hamburger & Kleinfeld, from an order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 15th day of December, 1904, reversing a judgment of the Municipal Court of the city of New York, borough of Manhattan, in favor of the plaintiffs, entered on the 21st day of September, 1904, and dismissing the plaintiffs' complaint.

*Max Schleimer,* for the appellants.

*Messmore Kendall,* for the respondent.

INGRAHAM, J. :

The action was commenced in the Municipal Court by the service of a summons which required the defendant, upon the 11th day of August, 1904, " to answer the complaint of the plaintiff in this action, who, if you then fail to appear and answer; will take judgment against you for the sum of $500 00/100, * * * with interest from the ——— day of ———; 190–, together with the costs of this action." In response to this summons the defendant appeared when the plaintiffs complained against the defendant upon an oral complaint for damages for a breach of a contract. To this the defendant orally answered by a general denial and demanded a bill of particulars. The case was, therefore, adjourned by consent until the 12th day of September, 1904. The plaintiffs on the 24th day of August, 1904, served a bill of particulars which stated that the

plaintiffs entered into an agreement on the 20th of July, 1903, with the defendant whereby the defendant agreed to remove a building within twelve working days; that on the 21st day of July, 1903, the plaintiffs gave the defendant possession of said building and directed him to perform his agreement; that the defendant on or about said day, took possession of the building and commenced to remove the said building, but failed to perform his part of the agreement within the specified time, and refused to complete the contract, and as a direct loss and damage, sustained by the plaintiffs through the defendant's failure to remove the building within the agreed time, was the delay of the building operation causing an actual loss of $507.33, no part of which has been paid. The action was then brought on for trial on the 12th day of September, 1904, and resulted in a judgment for the plaintiffs for $294.37, including damages and costs. Upon an appeal to the Appellate Term this judgment was reversed and the complaint dismissed upon the ground that the demand of the plaintiffs being for a greater sum than $500 the Municipal Court had no jurisdiction of the action. The demand being unliquidated, the plaintiffs were not entitled to recover interest on the amount alleged to have been the loss suffered by the plaintiffs by reason of a breach of the contract. Interest on the actual loss sustained could be awarded by the trial court as a part of the damages sustained. In such an action the damage caused by the breach of the contract for which a recovery can be had includes interest upon the actual loss to the plaintiffs, and thus in such a case an allegation of the damages caused by the breach includes necessarily any claim for interest upon the actual loss sustained from the date of the loss to the trial. Strictly speaking, therefore, the plaintiffs are not entitled to recover interest upon an award of damages as interest, but the interest is a part of the damage sustained by the breach of the contract. The summons in this case required the defendant to appear and answer, with a statement that in default of such appearance the plaintiffs would take judgment for the sum of $500 and interest; but there is no statement that interest would be asked for any particular time or upon any particular amount, or that a recovery for any amount of interest would be asked for in the event of the defendant's failure to appear. As the plaintiffs' right to enter judgment upon default would be limited to the amount demanded in the

summons, it must, I think, be apparent that if the defendant had suffered default the plaintiffs could not have recovered under this summons an amount exceeding $500. So that the claim of the plaintiffs based upon the summons would be limited to $500 and such costs as should be awarded to them. By the bill of particulars subsequently served, the plaintiffs stated that their damages were $507.33, but they were at liberty to maintain their action in the Municipal Court so long as their claim for a judgment in that court did not exceed the sum of $500. The jurisdiction of the Municipal Court depends upon the Municipal Court Act (Laws of 1902, chap. 580). Section 1 of that act provides that the Municipal Court of the city of New York has jurisdiction in an action to recover damages upon or for a breach of a contract, express or implied, other than a promise to marry, where the sum claimed does not exceed $500, and this must be read in connection with section 250 of the act, which provides that "where the amount found due to either party exceeds the sum for which the court is authorized to enter judgment, such party may remit the excess and judgment may be entered for the residue."

I agree with the Appellate Term that the jurisdiction of the Municipal Court depends on the claim or demand which the plaintiffs seek to enforce in the action, and that where the plaintiffs ask judgment for a demand which exceeds $500 the court has no jurisdiction of the action; but where the claim of the plaintiffs is for a judgment for $500 the court has jurisdiction, although the plaintiffs establish a right to recover an amount in excess of $500, providing they waive the excess and ask only for judgment for that amount. There is no provision of the act as to what particular process or pleading is to determine the amount of the plaintiffs' claim. Under the Constitution, which prescribes the jurisdiction of County Courts, it is provided that that question is to be determined from the complaint. (Const. art. 6, § 14.) That section confers upon the County Courts an original jurisdiction in actions for the recovery of money only, where the defendant resides in the county and in which the complaint demands judgment for a sum not exceeding $2,000. And it was held in the case of *Heffron* v. *Jennings* (66 App. Div. 443) that where the complaint demands judgment for $5,000 the court had no jurisdiction for any purpose whatever and that it was the

duty of the court to dismiss the action. In the Municipal Court, where no complaint is served, the Municipal Court Act (§ 26) requires that the action must be commenced by the service of a summons, or the voluntary appearance of and joinder of issues by the parties. Section 27 provides that the summons must "state the amount for which the plaintiff will take judgment if the defendant fail to appear and answer," and section 28 provides for the form of the summons. The action being to recover for an unliquidated claim arising upon a breach of a contract, and as the plaintiffs ask to recover $500 as such damages, the sum claimed does not exceed $500, and, therefore, the court has jurisdiction.

A different question would be presented if the action was brought to recover a sum of money on which a plaintiff would be entitled to interest as a matter of right, as an action upon a promissory note or other definite agreement to pay a sum of money upon a date fixed. In that case the right to interest would be a part of the demand, and if the plaintiffs claimed the payment of such an amount with interest, where the amount of the claim added to the interest would exceed $500, it would be quite clear, I think, that the court would have no jurisdiction. Upon the trial no point was made that the demand for interest deprived the court of jurisdiction. The only objection then taken was that, at the close of the plaintiffs' case, the attention of the court was called to the fact that the summons demanded $500 and costs, but the court quite correctly held that costs were not a part of the plaintiffs' demand, but were a mere incident to a recovery and the demand of costs in excess of $500 did not oust the court of jurisdiction.

The respondent also claims that the judgment was against the weight of evidence and that no damage was shown for a breach of the contract. The contract for a breach of which the action was brought was dated July 20, 1903, and by it the defendant agreed to take down the church building on the northeast corner of West Tenth and Bleecker streets, to remove all materials of value and to give to the plaintiffs the sum of $275, the work to be completed within twelve working days after possession was given. The walls were to be taken down to the level of the curb. One of the plaintiffs testified that they became the owners of the property on the 3d of June, 1903; that on the next day he met the defendant's

manager at the property; that he there told the defendant's manager that the winter was coming on and that the plaintiffs had a heavy mortgage upon the property — about $96,000; that the defendant's manager said: "This building will be torn down in twelve working days and it will be ripped down, clean, level with the curb;" that the witness demanded that in case of a delay the defendant should be liable for damages and that that should be put in the contract, but that the defendant's manager then said that the defendant was good enough for that; that the witness then told the defendant's manager that the interest was very heavy; that it was a big building, with a heavy mortgage upon it, and that when cold weather came they would not be able to do any work at all; that they had paid $100 to the congregation so as to get possession on July twenty-fifth; that the witness delivered the keys of the church to the defendant's manager, or left them at the defendant's office with the bookkeeper on the twenty-fifth or twenty-sixth of July; that after the defendant left the job the building was not torn down as required, and that they were compelled to hire another man to tear down the balance of the building, for which they paid $45.01; that the first mortgage upon the property was $65,000 at five per cent and the remaining mortgage was at six per cent; that the defendant left the stone walls about a story and a half above the curb, and that it was for the removal of these walls that the plaintiffs paid $45.01. The other plaintiff testified that he told the defendant's manager that the property was subject to mortgages for $96,500, one for $65,000 at five per cent and the other $36,000 at six per cent; that on August twenty-second the plaintiffs wrote a letter to the defendant stating that if he did not remove the walls the plaintiffs would be required to get some one else to do it. There was evidence to show that the defendant failed to comply with the contract and that the other person employed finished the work. There was also evidence that the interest for twenty-five days on the mortgage for $65,000 was $212.33 and that the interest on the second mortgage was $150. There was evidence on behalf of the defendant that he never received the keys of the church; that the defendant first saw the church on the first of August, when he found the sexton moving out, and that he completed the building within twelve working days from the time he got possession of

the building, and that the defendant did not take possession of the building until the second of August; that the defendant tore down the building to the curb line and completed the contract within twelve working days from that date. Subsequently the witness testified that he did not get possession until August seventh, which was the date that all the tenants and the church people were out of the building.

I think this evidence was sufficient to sustain the award of damages made by the Municipal Court. Assuming that the defendant failed to perform the contract within the time fixed, the failure to perform, including the delay of the defendant in removing the building, caused the plaintiffs the damage which they have recovered.

I think, therefore, that the determination appealed from should be reversed and the judgment of the Municipal Court affirmed, with costs.

VAN BRUNT, P. J., HATCH and LAUGHLIN, JJ., concurred; O'BRIEN, J., dissented.

Determination reversed and judgment of Municipal Court affirmed, with costs.