Eugene T. Owen, Plaintiff, *v.* George H. Brown, Defendant.

(County Court, Onondaga County, November, 1912.)

County Courts — jurisdiction — pleading — demurrer to complaint.

Where the complaint in a County Court action demands judgment for $800, the value of certain personal property turned over to defendant, and for $300 for ten months' work, and also claims damages in $2,000 for a breach of contract, a demurrer to the complaint on the ground of lack of jurisdiction will be sustained.

Demurrer to complaint.

Elmer E. Stanton, for plaintiff.

Edward H. Hyatt, for defendant.

Ross, J. The defendant demurs upon the grounds: *First,* that the court has no jurisdiction of the subject of this action. *Second,* that causes of action have been improperly joined, it being claimed that the complaint shows a joinder of causes of action in tort with a cause of action based upon a contract. *Third,* that the complaint does not state facts sufficient to constitute a cause of action. I will consider the grounds of demurrer inversely.

The complaint is somewhat verbose, covering some nine pages to set out a simple cause of action for a breach of contract, and it would be clearly subject to a motion to strike out the irrelevant and redundant matter and to make more definite and certain. See Gutta Percha & Rubber Mfg. Co. v. Holman, 150 App. Div. 678. The pleader has stated evidentiary facts and some facts which would not even be admitted in evidence, instead of stating the ultimate facts

18

constituting his cause of action, to wit; the making of the contract set forth in the complaint, its performance, or tender of performance, by the plaintiff and the damages sustained by the plaintiff thereby.

Inartistically as the complaint is drawn assuming, as must be assumed upon demurrer, that the facts stated therein are true, the pleader has stated facts showing the existence of a contract, performance or offer of performance, by the plaintiff, its non-performance by the defendant and resulting damages.

It is not sufficient to sustain a demurrer to show that the facts are imperfectly or informally averred or that the complaint lacks definiteness or that the material facts are argumentatively stated. Milliken v. Western Union Telegraph Co., 110 N. Y. 403; Marie v. Garrison, 83 id. 14. The claim that causes of action in tort and in contract have been improperly united does not seem to me to be well taken. There is an allegation apparently alleging conversion of certain personal property belonging to the plaintiff. There is also a claim in regard to forcibly taking the plaintiff to the county home that might, if properly averred, sustain an action for assault, or for false imprisonment; but in reading the allegations in regard to these two matters it is evident that what the pleader really intended was to set up evidence of violation of the contract, which is the real basis of his action. The claim of the defendant that the court has no jurisdiction of the subject of the action has legal merit. The plaintiff demands judgment for the value of the property turned over to the defendant of $800, and for ten months' work $300, and also claims damages of $2,000 for the breach of contract.

The plaintiff has stated facts from which an action for a breach of contract can be spelled out; but he has, unfortunately for him, demanded judgment for a sum of money in excess of $2,000 He also prays for specific performance and some incidental equitable relief. The fact that he asks for equitable relief in an action to recover damages for a breach of contract would not of itself render the complaint demurrable. But he cannot extend the jurisdiction of the County Court in an action for money damages beyond $2,000

by asking for equitable relief; or, stated in another way, if his action is an equitable one the statute does not give this court jurisdiction. If his action is for money damages then it has no jurisdiction because of the amount demanded.

A valid cause of action cannot be spelled out of two causes of action, neither of which is within the jurisdiction of the court. The test is not whether the court has jurisdiction over the subject of the action as the facts actually exist, but whether it has jurisdiction over the subject of the action as stated by the plaintiff.

The defendant by his demurrer upon the ground of want of jurisdiction does not necessarily say that the court has no jurisdiction of the cause of action which exists, but that it has no jurisdiction of the cause of action alleged. In the case of Van Clief v. Van Vechten, 130 N. Y. 571, cited by the counsel for the plaintiff, the claim was not raised by demurrer, but the case was tried and the complaint amended. But in the case at bar the sufficiency of the complaint is challenged by the demurrer.

While it is true as a general proposition that a complaint is not demurrable because the relief demanded is not that to which the plaintiff is entitled, Wetmore v. Porter, 92 N. Y. 76, it is otherwise when an action is brought in an inferior court and the jurisdiction of the court depends upon the relief demanded, which is precisely this case under provision of subdivision 3 of section 340 of the Code of Civil Procedure, which confers jurisdiction upon the County Court in a case " wherein the complaint demands judgment for a sum of money only not exceeding two thousand dollars."

The plaintiff's attorney states in his brief that the action was commenced by the service of a summons, only there is no proof of this in the papers presented to me, but will assume such statement to be correct. Hence the complaint is amendable under the authority of Van Clief v. Van Vechten, 130 N. Y. 571. But see Heffron v. Jennings, 66 App. Div. 443, to the effect that, in an action in the County Court in which a summons and complaint are served at the same time and the complaint demands judgment in excess of $2,000, the court has no power to amend the same by

reducing the amount of damages demanded to that amount; and see also Hamburger v. Hellman, 103 App. Div. 266.

The demurrer to a complaint upon the ground that the court has no jurisdiction of the subject of this action is sustained with costs to the defendant, and the plaintiff is allowed to plead over upon the payment of said costs within twenty days after the entry of judgment and notice thereof.

Demurrer sustained.