WARDEN v. GOLDMAN.

(Supreme Court, Appellate Term, First Department.   February 13, 1914.)

1. COURTS (§ 169*)—MUNICIPAL COURTS—JURISDICTION—AMOUNT INVOLVED— REMITTING EXCESS.

Under Municipal Court Act (Laws 1902, c. 580) § 1, providing that the Municipal Court of New York has jurisdiction of an action for damages where the sum claimed does not exceed $500, where plaintiff's complaint demanded judgment for more than $500, the court did not have jurisdiction and could not, with plaintiff's consent, render judgment for $500, since the jurisdiction is determined by the amount for which judgment is demanded, and section 250, providing that, where the amount found due exceeds the sum for which the court is authorized to enter judgment, such party may remit the excess and judgment may be entered for the residue, applies only where a party is shown by the proof to be entitled to a larger judgment than he has demanded.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*]

2. COURTS (§ 37*)—MUNICIPAL COURTS—JURISDICTION—EFFECT OF FAILURE TO OBJECT.

Where the complaint, in an action in the Municipal Court, demanded judgment for more than $500, the court's lack of jurisdiction of the subject-matter of the action was not cured by defendant's appearance, or his failure to object, as in such a case consent does not confer jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 147–149, 151, 156; Dec. Dig. § 37.*]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by J. Kent Warden against Harry S. Goldman. From a judgment in his favor for insufficient relief after a trial without a jury, plaintiff appeals. Reversed, and complaint dismissed.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Walter Carroll Low, of New York City, for appellant.

PAGE, J.   [1] This appeal was taken by the plaintiff from a judgment in his own behalf to procure a modification of the judgment, by inserting therein the words "defendant liable to arrest and imprisonment on execution." The respondent did not appear upon this appeal. The verified complaint demands judgment for the sum of $653, with interest thereon. The summons also stated that, in default of appear-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ance and answer, judgment would be taken for the aforesaid sum. The defendant appeared at the trial, but offered no evidence, resting on his motion to dismiss the complaint for a failure of proof. The plaintiff then announced that he would take judgment for $500, which was granted. The action having been brought to recover more than $500, the Municipal Court did not have jurisdiction of the action. Municipal Court Act, § 1. Not having jurisdiction, it could not render judgment for $500 on the consent of the plaintiff. Section 250 of the Municipal Court Act only allows the party whom the proof shows to be entitled to a larger judgment than he had demanded to remit the excess amount and take judgment for $500. The jurisdiction of the court is determined by the amount for which judgment was demanded. Hamburger v. Hillman, 103 App. Div. 263, 92 N. Y. Supp. 1067.

[2] As the court did not have jurisdiction of the subject-matter of the action, the defect was not cured by the appearance of the defendant, nor by his failure to raise the objection, for in such a case consent even does not confer jurisdiction.

The judgment will therefore be reversed and the complaint dismissed, without costs.

BIJUR, J., concurs.

LEHMAN, J. (dissenting). The plaintiff herein brought an action for the sum of $653 upon a complaint alleging a breach of contract obtained by fraud. The defendant answered, without objecting to the jurisdiction of the court, and he appeared at the trial and failed to raise any objection when the plaintiff put in his evidence. The defendant offered no evidence, but made a motion to dismiss the complaint for failure to prove fraud. The plaintiff then announced:

"The total amount is $616.54. I will take judgment for $500."

A judgment was thereupon entered for $500 in favor of the plaintiff, and the plaintiff appealed from this judgment in his own favor, in order to procure the insertion in the judgment of the words "defendant liable to arrest and imprisonment on execution." The defendant took no cross-appeal, and failed to appear on this appeal.

It seems to me that the contention of the plaintiff that the complaint alleges, and the evidence shows, that the contract was obtained by fraud is correct. The judgment should therefore be modified, and affirmed as modified, if the court below has jurisdiction over the subject-matter and its judgment is not void.

The defendant as stated above has not raised, at any time, any question of the court's jurisdiction, and has taken no appeal from this judgment, and he is entitled to no affirmative relief on this appeal. He stands as respondent in the position of protecting this judgment. We can, without a cross-appeal, consider errors in this record prejudicial to the defendant, for the purpose of defeating the claim now made by the plaintiff, but not for the purpose of reversing the judgment in the plaintiff's favor. It is urged, however, that if this judgment is absolutely void because the court had no jurisdiction of the subject-matter

then this court must, of its own motion, reverse it completely. In this view, I cannot concur. I have made a search of the cases in this state as to the power or duty of the court to reverse under such circumstances, but I have failed to find any authority directly in point. If the judgment is void because the Superior Court had no jurisdiction of the subject-matter of the action, then an appellate court, established to review the proceedings of the inferior court, is also without jurisdiction of the subject-matter, except to reverse the judgment. McMahon v. Raubr, 47 N. Y. 67. It would appear that this jurisdiction to reverse the judgment is derived only from the fact that an appeal is analogous to the old writ of error, and is therefore not a continuation of the suit in the inferior court, but is a new proceeding, by which the Appellate Court obtains jurisdiction to review the judgment of the inferior court, and to reverse that judgment for any error, including lack of jurisdiction in the inferior court. Gormly v. McIntosh, 22 Barb. 271.

On this appeal, however, no question has been raised as to the jurisdiction of the court by either party; appellant claims the benefit of the judgment so far as it is in his favor, and the defendant, by failing to appeal, seems to concede that there is a basis for the judgment against him. See Carples v. Harlem Railroad Co., 16 App. Div. 158, 44 N. Y. Supp. 670. It seems to me that it follows that, so far as the appeal confers independent jurisdiction upon this court, such jurisdiction is confined to the consideration of the questions properly raised on the appeal, and does not, in this case, confer a jurisdiction to reverse the judgment.

It does not, however, follow that, if this judgment is void, we must affirm or modify it because we have no jurisdiction to reverse it. This court has certainly no jurisdiction which would enable it to give its sanction to a void judgment by affirmance or modification. It has, however, power to dismiss an appeal from a void judgment, and should exercise this power in a proper case (Elmira Realty Co. v. Gibson, 103 App. Div. 140, 92 N. Y. Supp. 913), and, in my opinion, it should exercise this power in this case if the court below had no jurisdiction to hear it. It follows that, though I cannot concur in the view that this court has jurisdiction to reverse even a void judgment, where the appeal raises no question in regard to the court's jurisdiction, yet I agree that we must determine this question before we can proceed to consider the contention of the plaintiff that the judgment in his favor should be modified.

The contention that the judgment is void rests upon the view that the court below had no jurisdiction of the subject-matter of the action. If it had no such jurisdiction, I concur in the view that the parties could not confer such jurisdiction by waiver or consent. The action is brought for breach of contract, and both the summons and the complaint show that the amount claimed was over $500 the limit of the court's jurisdiction. Over the cause of action alleged in the complaint the court did not, and could not, acquire jurisdiction in any way (Hamburger v. Hillman, 103 App. Div. 263, 92 N. Y. Supp. 1067; Smith v. Dunn, 46 Misc. Rep. 475, 92 N. Y. Supp. 300), and I willingly con-

cede that the parties could not waive the question of jurisdiction. The court has, however, jurisdiction over all actions brought for breach of contract, regardless of the amount of damages proven, provided only that the amount "claimed" is within the court's jurisdiction.

The defendant in this case appeared in court, took part in the trial, and never objected to the court's jurisdiction. If he had at any time raised the objection, then the court would have been required to dismiss the complaint, and could not have granted the plaintiff leave to amend, for it is well established that where a court has no jurisdiction over the action, it can make no order therein. Heffron v. Jennings, 66 App. Div. 443, 73 N. Y. Supp. 410. In this case, however, the plaintiff, without objection by the defendant, proved a cause of action for breach of contract, showing damages beyond the court's jurisdiction, and then said, "I will take judgment for $500." In other words, he claimed at the trial, as I view the record, only $500, and of this cause of action the court had jurisdiction.

The jurisdiction of the court to hear and determine an action where not over $500 is claimed, is given by the statute. Therefore the jurisdiction of the court over the subject-matter of the action actually tried is not derived from the consent of the parties, but from the statute itself, and the only questions before us are whether the parties could come into court, and litigate a different cause from that alleged in the complaint, and whether the parties did litigate another cause. In the case of Rein v. Brooklyn Heights R. R. Co., 47 Misc. Rep. 675, 94 N. Y. Supp. 636, the plaintiff brought an action under a complaint which this court held set forth a cause of action for assault, over which the Municipal Court had no jurisdiction. The parties proceeded to trial, and the plaintiff proved facts upon which he could have framed a complaint for breach of contract. The Municipal Court gave judgment in his favor, and this court held that, while the court below was without jurisdiction of the cause of action set forth in the complaint, it did have jurisdiction of the cause of action proven, and this court thereupon amended the pleadings to conform to the proof, and affirmed the judgment. Since the complaint in that case, as in this case, sets forth a cause of action over which the court had no jurisdiction, no jurisdiction could be conferred to try that action, either by waiver or consent, and the logical effect of that case is that it is authority for the view that, where the parties come to court, and the plaintiff without objection presents proof which would not only sustain the cause of action alleged in the complaint, but also a cause of action over which the court has jurisdiction, the court has jurisdiction to give judgment in the action as actually litigated.

It seems to me that this view is so clearly correct that no authority should be necessary to sustain it. The plaintiff without objection is permitted to prove a cause of action of which the court would have undoubted jurisdiction, except for the claim that the nature of the action has been established by the summons and complaint by which the plaintiff has attempted to initiate the action, and the defendant can be required to answer only the cause of action set forth in the complaint.

When the defendant proceeds with the trial of the case on the merits, he does not consent that the court should have jurisdiction over the cause of action alleged, but he does consent to the trial proceeding, and if upon that trial a cause of action is proven over which the court is given jurisdiction by statute, I think the defendant has effectively waived his right to rely upon the rule that a plaintiff has a right to litigate only the cause of action set forth in the complaint.

It is true that the plaintiff has attempted to institute this action by service of a summons and complaint, which was ineffectual for that purpose, but—

"a defendant may submit himself to the jurisdiction of the court, although the process by which the plaintiff has attempted to institute an action against him is ineffectual for the purpose; and, if he appear and plead to the merits without objection, the want of jurisdiction of his person is waived." Bunker v. Langs, 76 Hun, 543, 28 N. Y. Supp. 210, cited with approval in Meyer v. American Locomotive Co., 201 N. Y. 163, 166, 94 N. E. 605.

The objection that the summons is ineffectual to institute the action litigated can therefore undoubtedly be waived; and, while the objection that the court has not jurisdiction over the subject-matter of the cause of action set forth in the complaint cannot be waived, where the defendant had unconditionally submitted himself to the jurisdiction of the court, and the court has tried an action, without objection, over which it has express jurisdiction, then the defendant has waived the objection that no such action as was actually litigated was ever validly instituted. This objection goes only to the person and not to the subject-matter, and may consequently be waived by the defendant. It may be urged against this view that the summons and complaint conclusively set forth the claim of the plaintiff; that since they show on their face that the court had no jurisdiction of the action which the plaintiff sought to institute, they were entirely void; that the defendant had a right to disregard them as void, but, even if he did not disregard them, and appeared at the trial and answered the complaint, his appearance should be regarded as an appearance only for the purpose of litigating the particular action the plaintiff has attempted to institute, and consequently a submission of his person to the jurisdiction of the court only in that action.

The answer to that contention is that the court never acquired jurisdiction over that action, because the plaintiff was claiming in that action a sum beyond the jurisdiction of the court, and it had no power to hear that action, but only to dismiss it for lack of jurisdiction. Consequently, when the defendant appeared and permitted the court to hear testimony without objection, and failed to point out to the court that the cause of action proven was not a cause of action over which it had jurisdiction, his acts must be construed as a waiver so far as he had power to make such waiver of any objection to the court's jurisdiction to hear the proof presented by the plaintiff, and the court has therefore jurisdiction of the defendant's person, and can give judgment upon such proof if it makes out a clause of action of which the court has jurisdiction.

It follows that the judgment should be modified by the insertion of a provision for the defendant's arrest, and, as modified, affirmed, without costs on this appeal.