PEOPLE ex rel. EVARTS et al. v. MUNICIPAL COURT OF CITY OF NEW YORK et al. (two cases).

(Nos. 5786, 5787.)

(Supreme Court, Appellate Division, First Department.    May 15, 1914.)

1. PROHIBITION (§ 9*)—WANT OF JURISDICTION.
  A writ of prohibition will not issue unless the tribunal sought to be prohibited is acting without or in excess of its jurisdiction.

  [Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 35; Dec. Dig. § 9.*]

2. COURTS (§ 169*)—MUNICIPAL COURTS—AMOUNT IN CONTROVERSY—REMISSION.
  A plaintiff may sue for a sum less than owing to bring the case within the jurisdiction of the Municipal Court, as a party to whom is found due more than the sum to which the court has jurisdiction to award may remit the excess as expressly provided by Municipal Court Act (Laws 1902, c. 580) § 250.

  [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*]

3. PROHIBITION (§ 9*)—GROUNDS—LOSS OF EQUITABLE DEFENSES.
  Prohibition will not lie to restrain action in Municipal Court on the ground that relators have equitable defenses to the action which will be lost to them if the action be prosecuted in that court, as jurisdiction must be determined from the complaint.

  [Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 35; Dec. Dig. § 9.*]

4. PROHIBITION (§ 9*)—GROUNDS—STALE CLAIMS.
  That claims sued on in Municipal Court are stale and have misled defendants, who were attorneys, into failure to take steps to assert their liens is not ground for prohibition.

  [Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 35; Dec. Dig. § 9.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Two proceedings for writs of prohibition by the People, on the relation of Allen W. Evarts and others, against the Municipal Court of the City of New York and others, impleaded in the one case with Emily Watts, and with James R. Watts in the other. From orders denying the motion for the writs, relators appeal. Orders affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Charles Strauss, of New York City, for appellants.
Herbert G. McLear, of New York City, for respondents.

SCOTT, J. In these cases the relators, the surviving members of a well-known and universally respected firm of attorneys, long since dissolved by the death of some of its members, seek to restrain the Municipal Court from proceeding with the trial of two actions brought, one by a former client of the firm, and one by the wife of said former client claiming by assignment from him, and to that end ask that writs of prohibition issue. The claims upon which these actions are founded are certainly stale; one having accrued, as it is alleged, in 1890, and the other in 1888. Whether or not they are barred by any statute of limitation is not before us for decision.

[1] The relators rest their demand for a writ of prohibition, as they must, upon the ground that the Municipal Court is without jurisdiction to proceed with the actions, for, as frankly conceded by relators, a writ of prohibition will not issue unless the tribunal sought to be prohibited is acting without or in excess of its jurisdiction. People v. Nichols, 79 N. Y. 582; Appo v. People, 20 N. Y. 531; People ex rel. Metz v. Dayton, 120 App. Div. 814, 105 N. Y. Supp. 809.

[2] As to one of the actions it is objected that an action cannot be prosecuted in the Municipal Court because the plaintiff asserts that the relators owe her $570, although in her action she demands only $500, with interest and costs. Counsel has cited to us many interesting cases in England in which it has been held to be in the nature of a fraud upon a court of superior jurisdiction to voluntarily reduce a claim so as to sue in a court of inferior jurisdiction. No such rule obtains with us at the present day. The jurisdiction of the Municipal Court is fixed by statute, and extends to actions at law—

"where the sum claimed does not exceed $500 exclusive of the costs and interest." Municipal Court Act, § 1.

The "sum claimed" undoubtedly refers to the sum sought to be recovered in the action. Hamburger v. Hellman, 103 App. Div. 263, 92 N. Y. Supp. 1067. That a party to whom is found due more than the sum which the Municipal Court has jurisdiction to award may remit the excess is expressly provided by section 250 of the Municipal Court Act, and we have no doubt that a party whose claim exceeds $500 may remit the excess and sue only for so much as the court has jurisdiction to deal with; the balance, of course, being lost to him forever because the judgment would be res adjudicata as to the amount due upon the claims.

[3, 4] It is further objected that the defendants have equitable defenses to the claims which will be lost to them if the actions be prosecuted in the Municipal Court. If this be true, still it does not oust the Municipal Court of jurisdiction which must be determined by the complaint. There are cases no doubt in which a court of equity which has taken cognizance of a controversy will enjoin an action at law until the equitable suit has been determined; but that is not the case we have here. As to whether the relators' proposed equitable defense would be wholly unavailing in the Municipal Court, we are not now called upon to decide. There is authority, however, for the proposition that, while the Municipal Court may not grant equitable relief or entertain an equitable counterclaim as such, it may consider and enforce an equitable defense to the extent of refusing an affirmative judgment to the plaintiff. Electric Audit & R. Co. v. Greenberg, 56 Misc. Rep. 514, 107 N. Y. Supp. 110. It may be that their client's long apparent acquiescence in relators' retention of the small sums for which he now sues has misled them into failure to take steps to assert their liens in due season. If so, it is certainly unfortunate, but does not justify the relief sought in this application.

The orders appealed from must each be affirmed, with $10 costs and disbursements. All concur.