Zimmerman, J.,
 

 dissenting. I concur in paragraphs 1, 2 and 3 of the syllabus, but dissent from paragraphs 4 and 5 thereof and from the judgment.
 

 The majority opinion contains a fair statement of the facts. My disagreement is with a holding which in effect declares that the Municipal' Court possessed the power to entertain an
 
 amended
 
 petition, when it was without jurisdiction over the action.
 

 Section 1579-197, General Code, gives the Municipal Court of the city of Alliance jurisdiction “In all actions
 
 * * *
 
 at law for the recovery of money * * *
 
 *76
 
 when the amount claimed by any party does not exceed one thousand dollars * *
 

 Under this section it is plain that the jurisdiction of the designated court is limited to one thousand dollars in an action at law for the recovery of money, and that such jurisdiction is determined by the “amount claimed.” Consequently, where, as in the situation before us, a party files his petition praying judgment for a definite amount plus interest, which in all reaches a total exceeding one thousand dollars, 1 cannot avoid the conclusion that the ‘ ‘ amount claimed” takes the case beyond the jurisdiction of the court and that there is nothing before the court upon which it may proceed.
 

 It is elementary that the authority of a court to move affirmatively in a suit is dependent upon its jurisdiction over the subject-matter. Since here, then, the Municipal Court had no jurisdiction of the cause, where lay its authority to permit the filing of an
 
 amended
 
 petition? Having no jurisdiction at the time of the amendment, the court had no power to allow the amendment.
 
 McIntyre
 
 v.
 
 Carriere, 17
 
 Hun (N. Y.), 64, 66;
 
 Heffron
 
 v.
 
 Jennings,
 
 66 App. Div., 443, 73 N. Y. Supp., 410.
 

 “The general power of amendment given to the courts by the code [now Section 11363, General Code] is very broad, and is only limited by the ‘justice’ of the case. But the statutory
 
 thing
 
 to be amended must exist, before the power can be exercised.”
 
 Shamokin Bank
 
 v.
 
 Street,
 
 16 Ohio St., 1, 10.
 

 According to the weight of authority, when a party has a money claim in excess of the jurisdiction of the particular court, he may diminish such claim by credits or otherwise, 'within jurisdictional limits, and commence suit for the reduced amount.
 
 Plunkett
 
 v.
 
 Evans,
 
 2 S. D., 434, 441, 50 N. W., 961, 963;
 
 People, ex rel. Evarts,
 
 v.
 
 Municipal Court,
 
 162 App. Div., 477, 147 N. Y. Supp., 615 (Affirmed, 212 N. Y., 595, 106 N. E., 1039). And the corollary follows that one may not
 
 *77
 
 bring suit claiming an amount beyond the jurisdiction
 
 of the
 
 court, with the issuance and service of summons accordingly, and subsequently remit the excess in any manner to confer jurisdiction.
 
 Smith
 
 v.
 
 Dunn,
 
 46 Misc., 475, 92 N. Y. Supp., 300;
 
 Warden
 
 v.
 
 Goldman,
 
 84 Misc., 87, 145 N. Y. Supp., 989. The commencement of a new action for an authorized amount is his proper remedy.
 

 However, it is contended in the majority opinion that the Municipal Court of Alliance had the power to allow the amended petition and to enter judgment thereon later by virtue of Section 1579-202, General Code, providing, “When the amount due to either party exceeds the sum for which the Municipal Court is authorized to enter judgment, such party may remit the excess, and judgment may be entered for the residue * *
 

 In my opinion this section has application only to those cases where the court has properly acquired jurisdiction in the first instance, and means that the court is not divested of such jurisdiction by a finding that there is an amount due a party greater than that for which judgment can be entered, when such party is willing to remit the excess.
 
 Butcher
 
 v.
 
 Smith,
 
 29 Ohio St., 604;
 
 Smith
 
 v.
 
 Dunn, supra; Warden
 
 v.
 
 Goldman, supra.
 

 While generally I abhor reliance upon technicalities to defeat the ends of justice, my present position is that of the court in
 
 McIntyre
 
 v.
 
 Garriere, supra:
 
 “We regret to come to this conclusion because, probably, no actual injustice has been done. But we cannot break through settled and important principles.”
 

 Acceptance of the views expressed would lead to an affirmance of the judgment of the Court of Appeals.
 

 Cases relating to the questions discussed ¿re cited in 28 L. R. A., note beginning at page 221, and in an annotation in 77 A. L. R., pages 1009 to 1011.