(23 App. Div. 499.)

## ROBINSON v. COLUMBIA SPINNING CO.

(Supreme Court, Appellate Division, First Department. December 17, 1897.)

1. ATTACHMENT—SUFFICIENCY OF LEVY.

     The only way in which a levy can be made under an attachment upon property capable of manual delivery is for the sheriff to take possession thereof.

2. SAME.

     An attachment was procured against the property of the defendant corporation, and the sheriff made inquiries concerning it from persons having it in their possession, who erroneously denied having any such property. At the same time, he delivered to them a certified copy of the warrant and other papers, and a notice advising them of his intention to levy on the property in their hands, and requiring them to deliver the same to him, and to furnish a certificate. Thereafter, in a suit by a stockholder of the corporation, a receiver of its property was appointed, and took possession thereof. Up to that time no certificate had been procured or further steps taken by the sheriff. Upon appeal from an order denying an application thereafter made to permit the sheriff to complete his levy under the attachment, *held,* that the motion was properly denied.

     Ingraham and Patterson, JJ., dissenting.

Appeal from special term.

Action by Charles L. Robinson against the Columbia Spinning Company. The Merchants' National Bank of the City of New York appealed from an order denying its motion for leave to complete a levy against the property of such company. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George Zabriskie, for appellant.

Charles E. Hughes, for respondent.

RUMSEY, J. The Columbia Spinning Company was a foreign corporation, organized under the laws of the state of Massachusetts. On the 15th day of April, 1897, an action was begun in this state by certain stockholders and directors of that company, to dissolve the corporation; and on that day receivers were appointed of the property of the corporation, who took possession of all its property in this state. On the same 15th day of April, 1897, the Merchants' National Bank of the City of New York brought an action against the Columbia Spinning Company to recover a debt due from that company to it, and on that day obtained a warrant of attachment against the property of the defendant corporation. On the same day, the deputy sheriff, in whose hands the warrant had been placed for service, went to the place of business of the firm of O. H. Sampson & Co., in the city of New York, and stated to one of the members of the firm that he had in his possession the warrant of attachment against the property of the Columbia Spinning Company, under which he had come there to levy upon its property, which was then, as he

supposed, in the possession of the firm, and requested Sampson to tell him what property of the defendant the said firm had in their possession and under their control. Sampson, to whom the application was made, denied that the firm had any property of the defendant. On the 19th of April, the deputy sheriff went to the office of Catlin & Co., and, applying to one of the members of that firm, said to him that he held a warrant of attachment against the property of the Columbia Spinning Company, under which he desired to make a levy on the property of the defendant in their possession, and asked him whether the firm of Catlin & Co. had any of the property of the Columbia Spinning Company in its possession. By them also he was told that they had no property of the company in their possession and under their control. Acting upon the information thus conveyed, the deputy sheriff took no further steps to levy the attachment upon the property of the defendant in the possession of either of those firms. Subsequently the sheriff demanded of each firm a certificate specifying the amount, nature, and description of the property of the defendant which they held, and a certificate was furnished on the 5th day of May, 1897, by Sampson & Co. No certificate seems ever to have been furnished by the firm of Catlin & Co. At the time of making the application to these two firms, respectively, the sheriff delivered to each of them a certified copy of the warrant, and the papers upon which it was granted, and a notice advising them of the intention of the sheriff to levy upon the property in their hands, and requiring them to deliver all that property to him, and to furnish a certificate. At the time when the above inquiries were made of these two firms, respectively, they had in their possession a considerable amount of personal property, capable of manual delivery, which was owned by the Columbia Spinning Company; and there is no doubt that, when they informed the sheriff that they had no such property, they told him what was not the truth, although they supposed the statements were true. Subsequently, and on the 28th of April, 1897, the plaintiff, Charles L. Robinson, brought an action against the Columbia Spinning Company in this court, in which he set up the pendency of the action in Massachusetts, and the appointment of receivers in that state, and asked for the appointment of auxiliary receivers in the state of New York to take the property of the corporation in this state, and hold it subject to the order of the court here. That application was granted, and receivers were appointed, and qualified on the 28th of April, and took possession of the property. Up to that time no certificate had been procured by the sheriff, and no levy under the attachment had been made, and none had been attempted except by the application of the deputy sheriff to the members of these two firms, as is mentioned in the former part of this opinion. After the receivers had been appointed and had taken the property into their possession, an application was made to the court to permit the sheriff to complete his levy under the attachment. This application was resisted by the receivers, and was denied, and from the order denying it this appeal is taken.

The right to issue a warrant of attachment as a provisional remedy is one that depends upon the statute, and has no existence outside

of the statutory provisions. The cases in which it can be granted, as
well as the procedure necessary to make it effective, are prescribed
by the statute, which must be followed to make the remedy effective.
Blossom v. Estes, 84 N. Y. 614. Among these provisions is one pre-
scribing the way in which an attachment must be levied in order to
complete the lien. Code Civ. Proc. § 649. It directs that, upon per-
sonal property capable of manual delivery, the levy must be made by
taking the same into the sheriff's actual custody. There is no other
provision than that for making a levy on property like that sought
to be taken here. Nothing else will constitute the levy, and, until
the officer has obtained the actual custody, he has made no levy, and
can make none. Anthony v. Wood, 96 N. Y. 180, 187. The lien of
an attachment arises only by the making of a levy, and in that respect
it differs from an execution as to which the law prescribes that the
personal property of the debtor is bound by the delivery of the exe-
cution to the sheriff to be executed; but there is no such provision
in regard to an attachment, and therefore no lien is acquired by the
delivery to the sheriff of the warrant, nor does one come to exist until
the levy is actually made under the warrant, in the precise manner
prescribed by the statute. Burkhardt v. Sanford, 7 How. Prac. 329;
American Exch. Bank v. Morris Canal & Banking Co., 6 Hill, 363. It
is not claimed that any such levy was made in this case as the stat-
ute prescribes; but the claim is that, because of the statement made
to the deputy sheriff by the agent of the defendant, the sheriff was
prevented from completing the levy which he would otherwise have
made, and acquiring the lien which he would otherwise have acquired,
and, in the exercise of its equitable powers, the court should perfect
the lien which the sheriff was precluded from making. If it could
be said that there was any power in the court to complete a lien
which was left imperfect because of the failure of the sheriff to com-
plete it for any reason, which is very doubtful, this is not that case.
It cannot be said here that the sheriff took steps to make a levy which
he left incomplete. He did nothing of the sort. The only way in
which the levy could be made was by taking possession of the prop-
erty, and, until that was done, there was no more a levy upon the
property which gave the attachment priority than existed when the
attachment was given to the sheriff, and before he had taken any
steps to make the levy. The question is not a question of equitable
right, but a pure question of law, whether the thing is done which
the law says is necessary to be done to create a lien that did not
exist until the particular act had taken place. So far as the legal
rights of the parties are concerned, the case is precisely upon the
same footing as any other case in which there is a race between two
diligent creditors. The one who first completes the act which en-
titles him to his relief, in the nature of things, gets the priority. The
only way in which it could be claimed that the court had the right
to interpose in this matter was because of the false statement of
the agent of the defendant. But that statement operated to prevent
the doing of the act which alone could constitute the lien, and there
is no provision of the statute which gives to the court the right to
interpose its equitable powers, and free a person who has attempted

to secure a legal lien from the effect of any mistake which makes his attempt unavailing. The sheriff in this case might have taken steps to discover the truth. Had he done so, undoubtedly he could have made a levy upon this property before the appointment of the receivers; and, if he had done that, the levy would have been perfect, and the lien complete. But the trouble with the appellant's case is that there is no possibility of making a levy, unless the officer does the precise thing which the statute requires; and there is no statutory provision for completing the levy which the officer has failed to make in the way the statute requires.

For this reason, the order of the court denying the motion was correct, and must be affirmed, with $10 costs and disbursements.

VAN BRUNT, P. J., and O'BRIEN, J., concur.

INGRAHAM, J. (dissenting). The motion made to the court below was to allow the petitioner, the Merchants' National Bank, which had obtained a warrant of attachment against the property of the defendant, a foreign corporation, to levy upon certain property belonging to the said defendant in the possession of the firms of Catlin & Co. and O. H. Sampson & Co. The motion was denied in the court below, upon the ground that the attachment granted to the appellant had been vacated. As the order vacating the attachment has been reversed, and the attachment reinstated, the reasons assigned by the court below do not now exist; and the question is whether, upon the papers presented to the court, the petitioner should be allowed to complete the levy upon his attachment. Upon the facts, it appears that on the 15th day of April, 1897, the appellant commenced an action against the defendant, a foreign corporation, and obtained an attachment. On the 19th day of April, the sheriff served a copy of it upon a member of the firm of Catlin & Co., and also upon a member of the firm of O. H. Sampson & Co. Upon calling on the firm of Catlin & Co., a Mr. Park, a member of the firm, was served with a copy of the warrant of attachment, and the sheriff said that he desired to levy the attachment on the property of the defendant. Mr. Park referred the sheriff to a Mr. Cowdrey, who was standing by, and to whom the said Park handed the papers served on him by the sheriff, and said that Mr. Cowdrey had authority to speak for the firm. The sheriff then asked Mr. Cowdrey whether he or said firm had in their possession or under their control any property belonging to the defendant. Mr. Cowdrey replied that they had none. Relying upon this statement, the sheriff made no further effort to levy upon any particular property. On the 15th day of April, 1897, the sheriff applied to the firm of O. H. Sampson & Co., in the city of New York, and saw a Mr. Eugene H. Sampson, a member of the firm. A certified copy of the warrant of attachment was then delivered to Mr. Sampson, with a statement that the sheriff desired to levy upon any property of the defendant in his possession, or in the possession of the firm. Mr. Sampson said that he did not know of any property of the defendant in his possession or under the control of the said firm. The same statement was made by both of these firms to a clerk of the plaintiff's attorney, who about that time made inquiries as to the

property of the defendant. Subsequently, and on the 28th day of April, the plaintiff in this action, a stockholder of the defendant corporation, commenced an action in this court against the corporation. The defendant corporation voluntarily appeared in that action, and, on consent, receivers were appointed of all property of the defendant in this state. These receivers were given power to take possession of all the goods, chattels, and property of the defendant, and no further directions were contained in the order except to receive the property.

The complaint in this action alleges the appointing of the receivers of the property in Massachusetts, demands judgment that the Massachusetts receiver be appointed receiver of the property of the defendant in this state, with the authority to receive the same, and to convert the same into money, under the direction of the court, and restraining all creditors of the corporation from interfering with the receiver of such property. Neither in the action commenced in Massachusetts nor in the action commenced in this state is any demand made for the dissolution of the corporation, or for a distribution of its property among its creditors; nor does either the order granted in this state or the order granted in the state of Massachusetts provide for such disposition of the receivers' property. The orders appointing the receivers, both in this state and in the state of Massachusetts, appear to be devised simply for the purpose of holding the property of this foreign corporation so as to prevent the creditors in this state from obtaining liens upon it, and having it for the benefit of the stockholders of the corporation. There is no statement in the complaint in the action commenced in this state that there is not sufficient property in this state to pay all creditors of the corporation here. On the contrary, it appears that there was property of the corporation here to the value of upward of $75,000; and the only statement of the creditors of the corporation in this state is that the defendant is indebted to the petitioner, the Merchants' National Bank, in the sum of $13,964.49, and to the National Broadway Bank in the sum of $18,657.35. Sundry other creditors are spoken of, but it does not appear that the aggregate amount of their claims exceeds in value the property in this state. It is further alleged that the receivers in Massachusetts are authorized to continue the business of the corporation for the purpose of realizing the greatest possible value out of the assets thereof; that, in order to protect the corporation and stockholders of the corporation, it is necessary that the business of the corporation should be continued; that receivers should be appointed to take possession of and control the property in said state; and that, under the order of this court, the receiver should co-operate with said receivers so appointed in Massachusetts in the disposition of the said property, and in the doing of all acts that may be necessary for the protection of the said assets and the realization of the full value thereof.

We have thus a case where a New York creditor, having obtained a warrant of attachment against a foreign corporation, is prevented by the false statements of the agents of that corporation from levying upon its property until the corporation, in an action commenced

by stockholders, and upon the consent of the corporation, can procure the appointment of a receiver for the benefit of the stockholders, who will prevent the New York creditors from obtaining liens on the property to secure their demands. I do not think that the interests of foreign corporations and the stockholders of foreign corporations should be protected at the expense of our citizens, or that a perfectly apparent device of this character should be allowed to succeed. Upon the granting of this warrant of attachment, the action against this corporation was commenced, and the court acquired jurisdiction over the property of the foreign corporation within this state. Code Civ. Proc. § 416.

By section 644 of the Code, it was the duty of the sheriff to immediately execute the warrant of attachment, by levying upon so much of the property of the defendant as would be sufficient to pay the demand of the plaintiff; and, by section 649 of the Code, a levy under a warrant of attachment must be made by taking the personal property capable of manual delivery into the sheriff's actual custody. In the discharge of this duty, he waited upon those having the custody of the defendant's property, and was informed that they had no property of the defendant in their custody. There was no intimation to the sheriff, or to the attaching creditor, that this statement was false, until a stockholder of the corporation, in collusion with the officers of the corporation, had obtained the appointment of these receivers. Thus, by a false statement, made to the sheriff by an agent of the corporation, the corporation and its officers were enabled, by means of this process of the court, to prevent the sheriff from levying upon property of the corporation which it was his duty to levy upon, and which it was the right of the attaching creditor to have levied upon, to secure the payment of any judgment that he should obtain. The property is in the hands of the court; held by its receivers, not for the benefit of creditors, but subject to the order of the court. The power of the court to allow the sheriff to make the levy notwithstanding the possession of the receiver is undoubted, and I think this is a case in which the court should protect the creditor who, by diligence, had obtained a position which entitled him to a lien upon the property of the corporation, and should allow the sheriff to complete his levy, which would have been effectual but for the misrepresentations of the agents of the corporation.

I think, therefore, that the order appealed from should be reversed, and the receivers in this action directed to allow the sheriff to levy upon the property of the defendant corporation in his possession, and that, upon such levy being made, the title of the receivers to the property of the defendant corporation, in the possession of the firms of Catlin & Co. and O. H. Sampson & Co., when the warrants of attachments were served upon these firms, be subordinate to the levy made by the sheriff in execution of this warrant of attachment, and that the sheriff have permission to take such property, or sufficient thereof, to properly execute the warrant, with costs of this appeal, and $10 costs of the motion in the court below to the appellant.

PATTERSON, J., concurs.