(55 Misc. Rep. 321)

In re COTTON et al.

(Supreme Court, Special Term, Kings County. June 17, 1907.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—PROCESS—SUBSTITUTED SERVICE—
MUNICIPAL COURT.

  Code Civ. Proc. § 2458, provides that a judgment creditor may maintain supplementary proceedings when the judgment was rendered on the judgment debtor's appearance in the action, or where the summons was served personally or by substituted service, "in accordance" with section 436, and an execution has been issued out of a court of record. Municipal Court Act, Laws 1902, p. 1500, c. 580, § 33, providing for substituted service of summons, is literally the same as section 436, except that the latter section requires that summons and order for such service be deposited in the post office at the place where he (defendant) resides, while section 33 requires the summons and order to be deposited in the post office in the borough in which the defendant resides. *Held*, that where a Municipal Court judgment was recovered on substituted service in the manner specified by section 33, and a transcript thereof was docketed in the county clerk's office, and an execution duly issued and returned, it was a judgment based on summons issued "in accordance" with section 436, Code Civ. Proc., so as to entitle the judgment creditor to institute supplementary proceedings thereon.

Application of John D. Cotton and another, doing business as the Maine Manufacturing Company, judgment creditors, for the examination of Frank A. Boynton and Benjamin A. Haywood, in proceedings supplementary to execution against the property of Julia Boynton, doing business under the name of Boynton & Co., judgment debtor. On motion to vacate the order for such examination. Denied.

C. D. Weaver, for the motion.
Coombs & Wilson (Loren E. Harter, of counsel), opposed.

MADDOX, J. Until the passage of the Municipal Court act of 1902 (page 1486, c. 580) an action could be maintained in that court only after personal service of summons or by the voluntary appearance of and joinder of issue by the parties (Laws 1882, p. 339, c. 410, §§

1296, 1300; Charter Laws 1897, pp. 483, 575, c. 378, §§ 1309, 1610, as amended by Laws 1901, pp. 583, 652, c. 466), but by the act of 1902 (pages 1500, 1501, c. 580, §§ 32, 33, 34) there now may be a substituted service of summons and jurisdiction of the person obtained in that way. The language of section 33 of the Municipal Court act is literally the same as that of section 436 of the Code of Civil Procedure, save that by the Code section the summons and order for such service shall be deposited "in the post office at the place where he resides," while section 33 of the Municipal Court act provides that the summons and order shall be deposited "in a post office in the borough in which he resides." Here plaintiffs have had judgment in the Municipal Court, and, a transcript thereof having been docketed in the county clerk's office, the judgment became a judgment of this court. Municipal Court Act, § 261. An execution was issued thereon to the sheriff, which was returned unsatisfied, and now the judgment creditors seek, in supplementary proceedings, to examine third parties as to property of the judgment debtor.

The third parties, appearing by counsel, object to the jurisdiction of the court to make the order here in question, claiming that section 2458 of the Code may be availed of only in a case where jurisdiction is obtained by substituted service only when the summons is issued out of a court of record. Code Civ. Proc. § 435. A judgment creditor may maintain supplementary proceedings to examine the judgment debtor or his debtor or bailer when the judgment, being for a sum not less than $25, was rendered upon the judgment debtor's appearance in the action, or where the summons has been personally served or where substituted service of the summons has been had "in accordance" with section 436 of the Code, and an execution has been issued out of a court of record. Section 2458. Here it appears that substituted service of the summons upon the defendant and judgment debtor was had under and pursuant to the provisions of sections 32 and 33 of the Municipal Court act (Laws 1902, pp. 1500, 1501, c. 580), and hence in accordance, also, with the requirements of section 436 of the Code. It will be seen that the language of section 2458 is "in accordance with section 436," and well may we inquire: How "in accordance with" that section unless it be in conformity with its provisions and requirements? It is not only in an action where the summons has issued from a court of record and the defendant brought in by substituted service that the supplementary proceeding order may be had. but, as I take it, also that in any action where substituted service has been made in the manner provided for and required by section 436, the other jurisdictional facts being shown, such order may be granted, provided the judgment has become a judgment of this court. As before said, the requirements of section 33 of the Municipal Court act and of section 436 of the Code are alike, and compliance with the provisions of said section 33 in making such substituted service was in accordance with section 436 of the Code. Here presumably every requirement of section 33 has been complied with and the service so made must conform to and accord with its requirements.

If the remedy here sought cannot be had, then a judgment creditor in a Municipal Court ·action, where substituted service of summons is made, would be deprived of the rights given by title 12 of chapter 17 of the Code of Civil Procedure, and the opportunity to follow the property of the judgment debtor would be lost.