JOHNSON v. KALISAK.

(Supreme Court, Appellate Term, First Department. June 14, 1915.)

1. COURTS ⬤⇒189—MUNICIPAL COURTS—ATTACHMENT—SERVICE—LEVY.

Municipal Court Act (Laws 1902, c. 580) §§ 77, 78, provide that the marshal to whom an attachment is delivered must inventory the property levied on, and that a levy under a warrant of attachment must be made by taking the property into the actual custody of the marshal, who must deliver a certified copy of the warrant and notice showing the property attached to the person holding it. *Held* that, where the return of the marshal fails to show a compliance with the statute, the attachment must be vacated.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⬤⇒189.]

2. COURTS ⬤⇒189—MUNICIPAL COURTS—SERVICE OF WRIT.

Under Municipal Court Act, § 83, declaring that the marshal must, immediately after making inventory, serve a copy of the summons, warrant of attachment, and inventory upon the defendant, if he can be found, or, if he cannot be found, leave copies at the last place of residence of the defendant, it is not sufficient that copies were left at the defendant's last known place of business.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⬤⇒189.]

3. COURTS ⬤⇒189—MUNICIPAL COURTS—PROCESS—RETURN—SUFFICIENCY.

Where substituted service of a summons and writ of attachment is relied on, the return of the marshal should state facts showing the marshal's inability to personally serve the defendant after a diligent search.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⬤⇒189.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Abraham Johnson against Nathan Kalisak. From a judgment for plaintiff, and an order denying a motion to vacate an attachment against defendant's property, he appeals. Judgment reversed, complaint dismissed, and warrant of attachment vacated.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Joseph Gans, of New York City, for appellant.
David L. Schwartz, of New York City, for respondent.

WHITAKER, J. Plaintiff began an action by procuring a summons returnable the 19th day of February, 1915. Attached to the summons, for the purpose of serving the same on defendant, was a verified

complaint, alleging as a cause of action nonpayment for goods sold and delivered to the defendant. Accompanying the summons and complaint was a warrant of attachment against the personal property of defendant. This attachment stated upon its face that it was issued upon the ground that the defendant was about to assign, dispose of, and secrete his property with intent to defraud his creditors. Upon the return day of the summons defendant made a special appearance by his attorney for the purpose of making a motion to set aside and vacate the attachment. The motion was denied, and the defendant appeals to this court. The ground upon which defendant asked this court for a reversal of the judgment is that no proper and legal service was made upon the defendant of either the attachment or summons and complaint. The return of the marshal in reference to the service of the papers is as follows:

"City and County of New York—ss.:

"By virtue of the within warrant of attachment, I have this 10th day of February, 1915, attached and taken into my possession the following property as per inventory. I further certify that on the above date I served a true copy of the summons, complaint, affidavit, undertaking, inventory, and warrant on the within-named defendant, Nathan Kalisch, by leaving a true copy at the last known place of business, No. 34 Norfolk street, in the borough of Manhattan, city of New York, with Jacob Drexler, a person of suitable age and discretion. I also deposited another true copy in the nearest post office, inclosed in a sealed postpaid wrapper directed to Nathan Kalisch, the within-named defendant, at his last known place of business, 34 Norfolk street, Manhattan; that such service was made for the reason that said defendant cannot be found in said city to be served personally after due and diligent efforts by me was made.                    D. McGongle, City Marshal."

[1] The return of the marshal fails to show a compliance with sections 77 and 78 of the Municipal Court Act in the following particulars: The marshal made no inventory thereof stating the estimated value of each item. The marshal failed to take the property into his "actual custody." He also failed to deliver to the person "from whose possession" the property was taken a copy of the warrant of attachment and the affidavit upon which it was issued.

[2] Neither did the marshal's return show a compliance with section 83 of the Municipal Court Act in serving the summons and other papers. This section requires a marshal to serve the summons, warrant of attachment, and inventory upon the defendant, by delivering to him personally a copy of each, and, if he cannot with reasonable diligence be found, by leaving a copy of each, certified by the marshal, at the last place of *residence* of the defendant in the city, with a person of suitable age and discretion, and depositing a copy of each in the post office, directed to the defendant at his *residence*. So far as is disclosed by the papers, these requirements have not been complied with. The authority for substituted service is statutory, and must be complied with. Leaving the papers at the last known place of *business* is entirely different from leaving them at the last known *residence*.

[3] There should also have been some evidence showing the efforts made by the marshal to ascertain whether the defendant could be found in New York City. The marshal's return simply states a conclusion. The basic requirement for substituted service was not com-

plied with, even though it is shown by the papers that the defendant as matter of fact was a resident of the city.

The summons and warrant of attachment not having been properly served, the court, upon the return day, should not, in our opinion, have entered judgment against the defendant, and should have granted the motion to vacate the attachment.

Judgment reversed, with costs, complaint dismissed, with costs, and warrant of attachment vacated, without prejudice to a new action.

GUY, J., concurs. LEHMAN, J., concurs in result.