(93 Misc. Rep. 508)

### GOLD v. M. LANGFELDER & SON, Inc.

(Supreme Court, Appellate Term, First Department.　February 10, 1916.)

COURTS ☞160—MUNICIPAL COURT—JURISDICTION—AMENDMENT OF STATUTE—PENDING ACTION.

　　Though Laws 1915, c. 279, § 6, subd. 1, increased the jurisdiction of the Municipal Court from claims of $500 to claims of $1,000, yet section 181, expressly providing that the act shall not be retroactive, and General Construction Law (Consol. Laws, c. 22) § 94, providing that, unless otherwise expressly provided, an action commenced under a provision of a statute repealed, and pending immediately prior to the taking effect of such repeal, may be prosecuted and defended to final effect in the same manner as it might if such provision were not so repealed, the court's jurisdiction as to an action previously commenced and pending when the act was to take effect, was limited to $500, so that the court had no power to allow amendment of the summons to claim $1,000.

　　[Ed. Note.—For other cases, see Courts, Cent. Dig. § 405; Dec. Dig. ☞160.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

　Action by Solomon Gold against M. Langfelder & Son, Incorporated. From a judgment for plaintiff, defendant appeals.　Reversed, and new trial ordered.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Weed, Henry & Meyers, of New York City (Emile Dreyfus, of New York City, of counsel), for appellant.

Ely Rosenberg, of New York City, for respondent.

GAVEGAN, J.　The action to recover damages for breach of contract of employment was commenced by the service of a summons and verified complaint on July 21, 1915, and issue was duly joined on July 27, 1915.　By reason of a rule adopted in the Municipal Courts, the action could not be tried during the summer months, and, after having been adjourned to a day in September, it was eventually tried on October 13, 1915.　The original summons demanded judgment for $387.50.　At the trial the summons and complaint were amended to conform to the proof, over defendant's objection and exception, and the amount claimed in the summons was increased to $1,000.　A judgment was rendered in favor of the plaintiff for $767.41, from which defendant appeals.

The only question necessary to consider on the appeal is whether the ruling of the trial judge in permitting the amendment above mentioned ousted the court of jurisdiction.　The action was commenced prior to the date when chapter 279 of the Laws of 1915, known as the New York City Municipal Court Code of 1915, was to take effect.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

By section 6, subd. 1, of said act, the jurisdiction of the court was increased to claims not exceeding $1,000. The new act took effect on September 1, 1915. Since the act itself in section 181 expressly provides that it shall not be retroactive, the Legislature must have intended that actions brought and pending before September 1, 1915, should be prosecuted in the manner provided by the old Municipal Court Act (section 94 of the General Construction Law), under which the court's jurisdiction was limited to claims not exceeding $500. By the allowance of the amendment, which related back to the date of the original summons (Nichols, Practice, p. 1047, and cases there cited), the action was in effect to recover the sum of $1,000. The court, therefore, had no jurisdiction (Warden v. Goldman, 84 Misc. Rep. 87, 145 N. Y. Supp. 989), since the amount claimed in the summons determines jurisdiction (Hamburger v. Heilman, 103 App. Div. 263, 92 N. Y. Supp. 1067). The trial justice, in allowing the amendment, exceeded his power, and the motion to amend should have been denied.

Judgment reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.