PICHENICK v. CITY OF NEW YORK.

(Municipal Court of City of New York, Borough of Manhattan, First District.

May 10, 1916.)

1. COSTS ⬥175—PAYMENT—RECOVERY—JURY FEES.

Where jury fees were paid before enactment of the Municipal Court Code (Laws 1915, c. 279), and the suit was dismissed without trial after such enactment, plaintiff could recover such fees under Municipal Court Act (Laws 1902, c. 580) § 351a, added by Laws 1913, c. 692, providing that, whenever an action is settled or discontinued before trial, all jury and jurors' fees paid shall forthwith be returned by the clerk of the court, since Municipal Court Code, § 181, provides that it shall not be retroactive, thereby intending that, as to actions brought prior to its enactment, the old act shall apply.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 698, 699; Dec. Dig. ⬥175.]

2. COSTS ⬥175—PAYMENT—RECOVERY—JURY FEES.

Municipal Court Code, § 118, subd. 3, provides that either party may, at the time of pleading or within three days after joinder of issue, demand trial by jury and pay to the clerk the fees for the server and for the jurors, which payment shall be made to him by the clerk at the end of the trial. Section 143, subd. 7, provides that the clerk shall collect and receive all fees, and account for and pay them into the city treasury monthly under oath. Held that, in an action begun after enactment of the Municipal Court Code and dismissed prior to its amendment by section 118, subd. 3, the fees are recoverable by the party paying them, if there is no trial, and are not forfeited by payment by the clerk to the treasurer, under section 143, subd. 7; the amount of such fees necessarily being retained thereunder by the clerk until the end of the trial.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 698, 699; Dec. Dig. ⬥175.]

Action by Ruben Pichenick against the City of New York. Judgment for plaintiff as prayed.

Mortimer W. Solomon, of New York City, for plaintiff.

Lamar Hardy, of New York City (Philip N. Harrison, of New York City, of counsel), for defendant.

SNITKIN, J. The plaintiff brings this action against the defendant to recover the sum of $4.50 paid by him under the following circumstances:

Prior to July, 1915, an action was instituted in the Municipal Court of the City of New York, Borough of Manhattan, Second District, by the plaintiff against Frederick W. Whitridge, as the receiver of

the Dry Dock & East Broadway Railway Company. On the return day of the summons in that action, to wit, July 27, 1915, the plaintiff demanded a trial by a jury pursuant to section 231 of the Municipal Court Act of New York City, and then and there tendered and paid to the clerk of the court the sum of $4.50 as such jury fee. Issue was joined by the defendant in that action and the case was adjourned from time to time. On the 12th of November, 1915, the action was marked "Settled," and such settlement duly noted and indorsed on the papers by the presiding justice. The action having been settled before trial, it follows that no jury trial was had. Thereafter the plaintiff made a demand upon the clerk for the return of the jury fee prior to the commencement of this action, who thereupon declined to return the said fee, having informed the plaintiff that the money had been turned over to the chamberlain of the city of New York in the return made by him for the month of November, 1915. Thereafter a notice of claim was filed with the comptroller of the city of New York and a notice of intention to sue, and on or about December 20, 1915, the division of law and adjustment of the department of finance rejected said claim, known as No. 79889.

[1] These facts are not disputed. I am constrained to the view that section 351a of the Municipal Court Act of New York City, as added by Laws 1913, c. 692, is controlling here:

"Sec. 351a. Whenever an action is settled or discontinued before trial, all jury and jurors' fees paid by any party as provided in this act shall be returned forthwith to such party by the clerk of the court to whom such jury fee was paid."

It is the contention of the corporation counsel that, this action having been discontinued in November, 1915, when the Municipal Court Code of New York City had become operative, and there being no provision made for the return of jury fees, therefore no recovery can be had. With this view I cannot agree, and I am of the opinion that my view is fortified by section 181 of the Municipal Court Code of New York City:

"This act shall not be retroactive. * * *"

In the case of Gold v. Langfelder, 93 Misc. Rep. 508, 157 N. Y. Supp. 281, an action was brought to recover damages for breach of contract of employment. The summons and verified complaint were served on July 21, 1915. Issue was joined July 27, 1915, and came on for trial in September, 1915. The original summons demanded payment in the sum of $387.50. Upon the trial of the action it appeared that the damages were far in excess of the amount claimed in the summons, and upon motion by plaintiff's counsel the amount was increased to $1,000, and after a trial judgment was rendered in favor of the plaintiff for $767.41. From that judgment an appeal was taken to the Appellate Term for the First Department. Mr. Justice Gavegan, speaking for the court, says:

"The only question necessary to consider on the appeal is whether the ruling of the trial judge in permitting the amendment above mentioned ousted the court of jurisdiction. The action was commenced prior to the date when chapter 279 of the Laws of 1915, known as the New York City Municipal

Court Code of 1915, was to take effect. By section 6, subd. 1, of said act, the jurisdiction of the court was increased to claims not exceeding $1,000. The new act took effect on September 1, 1915. Since the act itself in section 181 expressly provides that it shall not be retroactive, *the Legislature must have intended that actions brought and pending before September 1, 1915, should be prosecuted in the manner provided by the old Municipal Court Act* (section 94 of the General Construction Law), under which the court's jurisdiction was limited to claims not exceeding $500. By the allowance of the amendment, which related back to the date of the original summons (Nicholl's Pr. p. 1047, and cases there cited) the action was in effect to recover the sum of $1,000. The court, therefore, had no jurisdiction."

I am therefore of the opinion that, regardless that settlement was had in November, 1915, this action comes within section 351a of the Municipal Court Act of New York City.

[2] Since the Municipal Court Code went into effect, the act was amended, in relation to the return of jury and jurors' fees, by Laws 1916, c. 123:

"Section 1. Section 118 of chapter 279 of the Laws of 1915, entitled 'An act in relation to the Municipal Court of the City of New York, and repealing certain statutes affecting such court, its jurisdiction and officers,' is hereby amended by adding thereto a new subdivision to be subdivision 3, to read as follows:

"3. If an action is settled or discontinued before trial, all jury and jurors' fees paid by any party as provided in this act shall be returned forthwith to such party by the clerk of the court to whom such jury fee was paid.

"Sec. 2. This act shall take effect immediately."

And this became a law April 3, 1916.

The bar has manifested a keen interest in the question whether jury fees paid in actions begun after September, 1915, and settled or discontinued prior to April 3, 1916, may be returned; and I have considered giving expression of my view on the subject. The answer to that question must be found in the statute itself. Section 118 of the Municipal Court Code provides as follows:

"1. Either party at the time of pleading or within three days after joinder of issue may demand a trial by jury. * * * The party demanding a trial by jury shall forthwith pay to the clerk the sum of three dollars, which shall be applied so far as necessary, to the payment of the lawful fees of the server for summoning the jurors, and of a fee of twenty-five cents to each juror, which payment shall be made to him by the clerk at the end of the trial."

Section 143 of the Municipal Court Code prescribes the duties of the clerk, and subdivision 7 thereof provides that he shall—

"collect and receive all the fees, and account for and pay the same into the city treasury monthly, under oath, on the first day of each and every month, or within three days thereafter, which account shall contain the title of each case and the amount of fees received therein. * * *"

This section merely prescribes the duty of the clerk in general, and in my opinion has no application to the question under consideration, and does not include that the clerk shall pay into the city treasury the jury fees received by him, for it seems that section 118 of the Municipal Court Code is a special provision. It particularly prescribes the clerk's duties with reference to the jury fee. He is directed by that section to pay the "server" for serving the jurors, and 25 cents to

each of the jurors *"at the end of the trial."* It seems to me, there-fore, quite obvious that if the trial of an action is adjourned beyond the date for the filing of his report, and the clerk makes his return in pursuance to the provision of section 143 of the Municipal Court Code, that the statute does not provide a method how the "server" and the "jurors" shall be paid the fees therein stated, or who shall pay them, or where the money shall be taken from to pay them.

I am therefore of the opinion that the purpose of this section is that the clerk shall be the custodian of the jury fee, and out of that he shall pay the server and jurors at *"the end of the trial."* To me it is apparent that it was not the intention of the Legislature that the jury fee should become a part of the general fund of the city treasury, and the remaining question is: What becomes of the jury fee that is paid in the event that there be no "end of the trial" within the mean-ing of the statute—in other words, where no issue is litigated, as by way of settlement or discontinuance? Clearly it was not the intention of the Legislature that it should be forfeited and become a part of the general fund of the city treasury, for if that was its intention it seems to me it would have provided a method by which the server and the jurors shall be paid the fees therein stated. I am therefore con-strained to hold that in a case where the jury fee has been paid and not exhausted—that is, no jury summoned in the case—and the action is settled or discontinued before trial the party paying the jury fee to the clerk is entitled to its return, for the reason that the contingency for depositing it for the special purpose referred to in the statute did not arrive, and it did not become a part of the fund for which the clerk must account to the city treasury monthly.

From these observations I am of the opinion that the jury fee may be recovered.