Patrick A. Gaynor, Respondent, v. Joseph Yier, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1916.)

Attachment — undertaking on — motion to vacate — appeal — judgments — jurisdiction.

> Where an attachment, granted in an action in which judgment by default was entered under the old Municipal Court Act, has performed its full function, the Appellate Term of the Supreme Court has no jurisdiction of an appeal from so much of an order as imposes as a condition to granting a motion to vacate the attachment and judgment that defendant deposit the amount of said judgment or file a surety company undertaking to secure the same, the Municipal Court Code declaring that it shall not be retroactive.

APPEAL from so much and such part of an order of the Municipal Court of the city of New York, borough of Manhattan, first district, as attaches as a condition to the granting of defendant's motion to vacate the attachment and judgment in this case that defendant deposit the amount of said judgment or file a surety company undertaking to secure the same.

William M. Kilcullen, for appellant.

S. J. Rosenblum (William A. Walling, of counsel), for respondent.

LEHMAN, J.   The plaintiff on July 28, 1915, obtained a judgment against the defendant by default.  No personal service was ever made on the defendant and the defendant did not learn of the judgment until August, 1916.  The plaintiff, however, claims that the court had jurisdiction over the defendant through the issuance and service of an attachment.  As soon as the defendant learned of the judgment he obtained an order to show cause " why the inquest taken herein should not be opened and the judgment entered therein on or about the said day of July, 1915, vacated and set aside and the execution or executions issued thereon vacated and set aside and the property, if any, taken under said execution or executions restored and the warrant of attachment issued herein on or about the 29th day of June, 1915, vacated and set aside and the levy or levies thereunder vacated and set aside.''  The motion was granted upon condition that the defendant deposit the amount of the judgment or file a surety company undertaking.  The defendant now appeals from so much of the order as attached conditions to the granting of the defendant's motion.

It is the defendant's contention that the court never

acquired any jurisdiction and, therefore, he was entitled as a matter of right and without conditions to an order vacating the attachment and the judgment entered thereon. This contention is based upon two claims, *first,* that there are jurisdictional defects in the warrant of attachment and in the proof of service thereof; *second,* that the contract on which the plaintiff is suing has been merged in a judgment in another state. There may be some justification for both these claims but in my opinion neither claim may be considered by us.

The claim that the contract has been merged in a judgment obviously goes to the merits of the action. It is a claim which, if valid, could be asserted only as a defense to the action, and upon a motion to set aside the attachment or the judgment the merits of such a defense may not be considered. The other claims could be considered if this appeal were an appeal under the present Municipal Court Code from an order denying a motion to vacate an attachment or appeal from a judgment, bringing up for review such an order. In the present case, however, the judgment was entered under the old Municipal Court Act. At that time the defendant, if he had known of the judgment, would have had only two rights, viz., an appeal from the judgment where this court could have considered the question of jurisdiction or a motion in the court below to open his default. Under the law at that time, in other words after the Municipal Court had rendered a judgment by default, it had no power to vacate that judgment on the ground that it had no jurisdiction over the defendant. That condition was remedied by the passage of the Municipal Court Code, but it seems to me that the legislature did not and perhaps could not confer upon the Municipal Court new power to vacate a judgment entered before the act went into

effect. The defendant is not asking for an order vacating an attachment alone, but is really asking for an order vacating a judgment. The attachment itself has now performed its full functions. The legislature had attached certain effects to the judgment; even though it was jurisdictionally defective, and even though the defendant could disregard a judgment that was rendered without jurisdiction or could have the judgment reversed on appeal for error of the court below, the Municipal Court had no power to vacate the judgment on that ground upon a special appearance of the defendant for that purpose. The legislature has wisely enacted that in the future the court shall have such power, but the new law cannot be construed so as to make this new power apply to a case previously terminated by judgment. Aside from the question of whether the legislature in conferring this new power on the court has merely provided a new form of remedy or has created a new right, the Municipal Court Code cannot be given retroactive effect so as to make these new powers apply to judgments theretofore entered for the statute itself provides that " this act shall not be retroactive." It must be remembered that when the defendant's claim is analyzed it is simply that he has been injured by the error of the court below in originally assuming jurisdiction. The law at that time gave the defendant the right to have such error reviewed on appeal, and incidental to such review the appellate court could, of course, reverse the judgment. The law did not, however, give the defendant the right to move on a special appearance to vacate the judgment and the rights of the parties must be determined by the law as it stood at that time. The court did not have any power, therefore, to vacate the judgment. For these reasons it seems to me that this court cannot take jurisdiction of an appeal

from that part of the order which imposes conditions to the granting of defendant's order. Appeal is therefore dismissed, with ten dollars costs. Defendant's time to comply with conditions is extended till six days after entry of order herein, upon payment of said costs.

WHITAKER and FINCH, JJ., concur.

Appeal dismissed.