SAMUEL DAVIDOFF, Respondent, *v.* MEYER CHIPORNOI
and DAVID CHIPORNOI, Appellants.

(Supreme Court, Appellate Term, Second Department, September,
1917.)

Attachment — return of marshal as to levy made under warrant of
— executions — judgments — appeal — Municipal Court Code,
§§ 129(1), 154.
Statutes — construction of — Municipal Court Code, § 181.

Where the return of a marshal as to the levy, made under the warrant of attachment granted in a Municipal Court action, after stating that he had attached and taken into his custody certain property of defendants, further states that the premises where said property was were locked up and that he was unable to obtain admission, there is no valid levy, and subse-

quent proceedings for constructive service of the summons taken in attempted compliance with section 83 of the Municipal Court Act, then in force, were void, and the judgment thereafter entered was unauthorized and void.

Even had the attachment been duly levied and the judgment valid, an execution against the wages of the defendants was unauthorized because the judgment, by virtue of section 91 of the Municipal Court Act, was not enforcible by execution against any other property of defendants, except only such as was actually levied upon.

Under section 154(5) of the Municipal Court Code an order denying defendants' motion to vacate and set aside the execution issued against their wages and to vacate and set aside the judgment entered against them, is appealable so far as it relates to the judgment, but under section 155 of said Code no appeal lies from an order entered on a motion to vacate an execution separate from an appeal from the judgment.

The judgment having been rendered without due service of process, defendants under section 253 of the Municipal Court Act, then in force, might move to open their default and have the case set down for pleading or trial, or, under sections 310 and 311 of said act, take an appeal from the judgment, but the new remedy provided by sections 129(1) and 154 of the Municipal Court Code which do away with the former forms of proceeding and substitute a motion to vacate the judgment and for an appeal from an order granting or denying such motion, was available to defendants whether the judgment was rendered before or after September 1, 1915, when the Municipal Court Code took effect.

The rule that a statute will not be construed to have a retrospective effect unless the language clearly so requires is not applicable to statutes which only regulate procedure or affect the remedy, and the new procedure is not rendered unavailable by the general provision of section 181 of the Municipal Court Code that it shall not be retroactive.

Appeal from an order of the Municipal Court, borough of Brooklyn, third district, denying defendants' motion to vacate and set aside an execution and to vacate and set aside a judgment against them rendered on November 29, 1913.

Abraham Miles, for appellants.

Henry D. Levy, for respondent.

BENEDICT, J.  This is an appeal by defendants from an order of the Municipal Court, borough of Brooklyn, third district, dated July 26, 1917, denying defendants' motion to vacate and set aside an execution issued June 22, 1917, against their wages and earnings, and to vacate and set aside the judgment entered against them on November 29, 1913.

The summons was issued on November 14, 1913, and at the same time a warrant of attachment was granted against the property of the defendants.  The proceedings of the marshal thereunder appear by his return, dated November 19, 1913.  It is evident from this return that he never made any lawful levy of the attachment, because he did not take the property on which he attempted to levy, and which was capable of manual delivery, into his actual custody, as required by section 78 of the Municipal Court Act as then in force.  See *Johnson* v. *Kalisak,* 90 Misc. Rep. 597; *Anthony* v. *Wood,* 96 N. Y. 180, 186, 187; *Robinson* v. *Columbia Spinning Co.,* 23 App. Div. 499, 502; 31 id. 238, 241; *Fiske* v. *Parke,* 77 id. 422.  The obstacle in the way of taking actual custody of a note in *Hardon* v. *Dixon,* 91 App. Div. 109, was a legal obstacle, not a physical obstacle.  The return states that the premises where the property was were locked up, and that the marshal was unable to obtain admission; and this statement overcomes the previous statement that he had attached and taken into his custody the property in question.

After making this ineffectual levy, the marshal proceeded to make constructive service of the summons, attachment and inventory on the defendants in an attempted compliance with the provisions of section 83 of the Municipal Court Act, as then in force.

Section 91 of the act as then in force provided that: '' Where the defendant has not appeared, and the summons has not been personally served upon him, and property of the defendant has been duly attached by virtue of a warrant which has not been vacated, the court must proceed to hear and determine the action; but in an action subsequently brought, the judgment is only presumptive evidence of the indebtedness. * * * The execution, issued upon a judgment so rendered, must require the marshal to satisfy it out of the property so attached, without containing a direction to satisfy it out of any other property.''

It is clear that the procedure provided for in sections 83 and 91 is in the nature of procedure *in rem.* Before the court is authorized under such a condition to adjudicate upon the plaintiff's claim, it must have in its actual custody and power through its marshal some property of the defendant against which its execution can be issued and enforced. *Pennoyer* v. *Neff,* 95 U. S. 714, 727, 728. In the case at bar the property attempted to be levied on was never in the actual custody and power of the court, so that it could be sold under its execution. As there was no valid levy of the attachment, the subsequent proceedings for constructive service of the summons, taken in attempted compliance with section 83 of the Municipal Court Act, were void, and there was no valid service of the summons. The judgment was rendered without due service of process and was, therefore, unauthorized and void. See *Dixon* v. *Carrucci,* 49 Misc. Rep. 222.

Had the judgment been valid — that is, had the attachment been duly levied — I would still say that the execution against the wages and earnings of the defendants was unauthorized, because the judgment was not enforcible by execution against any other property of defendants, except only such as was act-

ually and lawfully levied upon. Mun. Ct. Act, § 91, quoted *supra.* The case cited by the respondent (*Matter of Cotton,* 55 Misc. Rep. 321) is not applicable, because there the service of the summons was pursuant to sections 32 to 34 of the Municipal Court Act, by the last of which sections substituted service pursuant to an order of the court made in the manner authorized is in effect declared equivalent to personal service, except that an execution against the person is not to issue upon a judgment rendered on such substituted service. Obviously section 91, above quoted, did not apply to a judgment rendered on the form of service authorized by sections 32 to 34.

The next question relates to the appealability of the order. I think it is appealable so far as it denies the motion to vacate the judgment under section 154, subdivision 5, of the present Municipal Court Code; but there seems to be no provision for an appeal from an order granting or denying a motion to vacate an execution separate from an appeal from a judgment. See Mun. Ct. Code, § 155.

The question remains whether the Municipal Court has power to vacate the judgment, because the summons was not properly served. Under the present Code there would seem to be no question that the power and the duty exist to vacate a judgment rendered without due service of process. Mun. Ct. Code, § 129, subd. 1. The Municipal Court Act, as in force when the judgment in question was rendered, afforded two remedies to a defendant who had not appeared in an action to obtain relief against a judgment rendered against him without due service of process. One remedy was by motion to open his " default " and have the case set down for pleading, hearing or trial under section 253. *Friedberger* v. *Stulpnagel,* 59 Misc. Rep. 498; *Roberts & Lewis Co.* v. *Dale,* 74 id. 390;

*Heinzer* v. *Kretz,* 91 id. 58; the latter two cases holding that upon such motion the court might order a trial of a traverse to the jurisdiction. The other remedy was by appeal. Mun. Ct. Act, §§ 310, 311; *Friedberger* v. *Stulpnagel, supra,* 499; *Dixon* v. *Carrucci,* 49 Misc. Rep. 222, 225; *Gottlieb* v. *Kurlander,* 52 id. 89, 92; *Altieri* v. *Trotta,* 53 id. 649; *Canelli Wine Co.* v. *Tassi,* 88 id. 573. The present Code does away with both of these anomalous forms of procedure, and substitutes therefor a motion in the Municipal Court to vacate the judgment, and an appeal from an order granting or denying such a motion. Mun. Ct. Code, § 129, subd. 1; Id. § 154. This was obviously merely a change in the form of the remedy, and the new procedure is therefore available whether the judgment was rendered before or after the taking effect of the Municipal Court Code (September 1, 1915). The rule that a statute will not be construed to have a retrospective effect, unless the language clearly requires such a construction, is not applicable to statutes which only regulate procedure or affect the remedy. *Holmes* v. *Camp,* 219 N. Y. 359, 372; *Jacobus* v. *Colegate,* 217 id. 235, 240; *Laird* v. *Carton,* 196 id. 169, 171. Nor are we prevented from holding the new procedure available by the general provision of section 181 that the Code shall not be retroactive. This section reads: " This act shall not be retroactive nor shall it create a vacancy in any office or employment." I regard this as meaning that the act shall not be deemed in any manner to destroy or wipe out any existing right, nor to create a right not previously existing with respect to past transactions. It does not mean, in my opinion, that the old forms of remedy must be pursued to secure or enforce rights existing when the new Code took effect. We have here a judgment which was absolutely void. Certain remedies existed under the old act by which its

invalidity might have been made matter of record, and those remedies continued to exist down to the time the new Code took effect. Does the provision that the new Code shall not be retroactive require that those precise remedies, rather than the new remedy designed to accomplish the same result, shall be pursued now with respect to such judgment? I think not. I am aware that in so holding I disagree with the conclusion of the Appellate Term, first department, as expressed in *Gaynor* v. *Yier,* 97 Misc. Rep. 662; but the construction given to the word " retroactive " in that case was, as it seems to me, too broad. *Gold* v. *Langfelder & Son, Inc.,* 93 Misc. Rep. 508, involved a very different question. Nor do sections 93 and 94 of the General Construction Law require that the old remedies shall be pursued. *Leake* v. *Hartman,* 137 App. Div. 451; affd., 202 N. Y. 605.

At the time when the Municipal Court Code took effect the right to appeal from the judgment in the case at bar was, so far as appears, still open, as there is nothing to show that notice of the entry of such judgment had been served on the defendants or either of them. Mun. Ct. Act, § 311. The present Code places no time limit upon the right to employ the substituted procedure by motion in the Municipal Court. Mun. Ct. Code, § 129, subd. 1.

The result is that the order appealed from, in so far as it denies the motion to vacate the judgment, should be reversed, without costs, and the action remitted to the Municipal Court with directions to grant the motion, with ten dollars costs, and that the appeal from so much of the order as denies defendants' motion to vacate and set aside the execution should be dismissed.

CLARK and JAYCOX, JJ., concur.

Appellate Term, Second Department, September, 1917. [Vol. 101.

Order in so far as it denies motion to vacate judgment reversed, without costs, and appeal from so much of order as denies defendants' motion to vacate and set aside execution dismissed.